COOLEY et al. v. MORGAN, Warden.

(Circuit Court of Appeals, Eighth Circuit. March 8, 1915.)

No. 4285.

1. HABEAS CORPUS &⇒45—JURISDICTION—UNITED STATES COURTS.
    On habeas corpus by persons confined in the penitentiary at Leaven-
    worth, Kan., under a judgment of conviction affirmed by the Circuit Court
    of Appeals for the Seventh Circuit, the decision of that court cannot be
    reviewed by the Circuit Court of Appeals for the Eighth Circuit.

    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 38–45;
    Dec. Dig. &⇒45.

    Jurisdiction of Circuit Courts of Appeals in general, see notes to Lau
    Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land &
    Emigration Co. v. Gallegos, 32 C. C. A. 475.]

2. HABEAS CORPUS &⇒4—GROUNDS—ERRORS REVIEWABLE ON WRIT OF ERROR.
    The writ of habeas corpus may not be used as a writ of error to re-
    view matters that could have been presented on such a writ.

    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 4; Dec.
    Dig. &⇒4.]

Appeal from the District Court of the United States for the District
of Kansas; John C. Pollock, Judge.

Petition by Phillip A. Cooley and others for a writ of habeas corpus
directed to Thomas W. Morgan, Warden of the United States Peniten-
tiary at Leavenworth, Kan. From a judgment denying the petition,
the petitioners appeal. Affirmed.

Turner W. Bell, of Leavenworth, Kan., for appellants.

L. S. Harvey, Asst. U. S. Atty., of Kansas City, Kan. (Fred Robert-
son, U. S. Atty., and Francis M. Brady, Asst. U. S. Atty., both of
Topeka, Kan., on the brief), for appellee.

Before ADAMS and CARLAND, Circuit Judges, and AMIDON,
District Judge.

CARLAND, Circuit Judge. [1, 2] Appellants have appealed from
the judgment of the United States District Court for the District of Kan-
sas denying their petition for a writ of habeas corpus. They were
among the persons sentenced by the United States District Court for
the District of Indiana in the case of United States v. Frank M. Ryan
et al., and are now serving their sentences at the United States peni-
tentiary at Leavenworth, Kan. They were indicted, tried, and convict-
ed of violating sections 37 and 232–235 of the Criminal Code (Act
March 4, 1909, c. 321, 35 Stat. 1096, 1134, 1135 [Comp. St. 1913, §§
10201, 10402–10405]). They, with other defendants, sued out a writ
of error from the Circuit Court of Appeals for the Seventh Circuit,
and that court affirmed the judgment of conviction. 216 Fed. 23, 132
C. C. A. 257. There is no question presented on the present appeal that
could not have been presented on the writ of error, and many of them
were so presented and decided adversely to appellants.

The judgment below must be affirmed. We have no authority to re-
view the decision of the Circuit Court of Appeals of the Seventh Cir-

cuit, neither have we any authority to permit the writ of habeas corpus to be used as a writ of error. United States v. Pridgeon, 153 U. S. 48, 14 Sup. Ct. 746, 38 L. Ed. 631; In re Swan, 150 U. S. 637, 14 Sup. Ct. 225, 37 L. Ed. 1207; Ex parte Tyler, 149 U. S. 164, 13 Sup. Ct. 785, 37 L. Ed. 689; Ex parte Frederich, 149 U. S. 70, 13 Sup. Ct. 793, 37 L. Ed. 653; Ex parte Coy, 127 U. S. 731, 8 Sup. Ct. 1263, 32 L. Ed. 274; Ex parte Yarbrough, 110 U. S. 651, 4 Sup. Ct. 152, 28 L. Ed. 274; Ex parte Siebold, 100 U. S. 371, 25 L. Ed. 717; In re Nevitt, 117 Fed. 448, 54 C. C. A. 622; Deming v. McClaughry, 113 Fed. 639, 51 C. C. A. 349; In re Reese, 107 Fed. 942, 47 C. C. A. 87; Rose v. Roberts, 99 Fed. 948, 40 C. C. A. 199; Ex parte Buskirk, 72 Fed. 14, 18 C. C. A. 410; In re Johnson (C. C.) 46 Fed. 477; In re Davison (C. C.) 21 Fed. 618; Whitney v. Dick, 202 U. S. 132, 26 Sup. Ct. 584, 50 L. Ed. 963; Roberts v. Reilly, 116 U. S. 80, 6 Sup. Ct. 291, 29 L. Ed. 544, and Wales v. Whitney, 114 U. S. 564, 5 Sup. Ct. 1050, 29 L. Ed. 277.