## UNITED STATES *v.* SACKS.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 48. Argued October 20, 1921.—Decided November 7, 1921.

1. Under the Act of September 24, 1917, amended September 24, 1918, cc. 56, 176, 40 Stat. 291, 966, authorizing the Secretary of the Treasury to borrow money and to issue therefor, at such price or prices and upon such terms and conditions as he might determine, war savings certificates in amounts of not more than $100 to any one person at any one time, and of which no one person at any one time should hold more than $1,000, and further providing that the Secretary might issue stamps, under such regulations and upon such terms and conditions as he might prescribe, to evidence payments for or on account of the certificates, the Secretary was empowered to issue non-transferable certificates valid only when bearing one or more such stamps and when endorsed with the name of its owner. Pp. 39, 41.

2. War savings certificates and war savings certificate stamps, issued pursuant to the act and the regulations, are obligations of the United States within the meaning of §§ 148 and 151 of the Criminal Code. P. 40.

3. One who tears war savings certificate stamps from a war savings certificate issued to another, with intent to use them apart from the certificate bearing the purchaser's name, alters the obligation with intent to defraud (the United States) in the sense of Criminal Code, § 148, since the purposes of the Act of September 24, 1917, *supra,* and the conditions provided to insure them, will thus be fraudulently defeated. P. 42.

4. Possession of part of such certificate and attached stamps, with intent to defraud the United States as above, is a violation of Criminal Code, § 151. P. 42.

Reversed.

WRIT of error under the Criminal Appeals Act, to review a judgment quashing an indictment. See *post,* 42.

*Mr. William C. Herron,* with whom *Mr. Assistant Attorney General Stewart* was on the brief, for the United States.

*Mr. Joseph A. Seidman,* for defendant in error, submitted.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This case presents for consideration an indictment in three counts for the violation, respectively, of §§ 148 and 151 of the Criminal Code of the United States, as dependent upon the construction of an act of Congress to which we shall refer.

The first two counts charge that Sacks did, " with intent to defraud, alter an obligation of the United States, to wit, a war savings certificate of the United States of the series of 1918, . . . in that [he] did . . . tear from the face of said war savings certificate two war savings certificate stamps of the United States of the series of 1918, thereto before attached."

The third count charges Sacks with having in his possession, with intent to defraud the United States, and with intent to pass and sell the same, an altered obligation of the United States, to wit, a portion of a war savings certificate of the United States of the series of 1918, with three war savings certificate stamps thereto attached, in that the portion which he had and kept in his possession had been torn from a whole war savings certificate.

The indictment is illustrated by having examples of the certificates attached. They certify, subject to the terms and conditions expressed thereon, that the owner will be entitled to receive January 1, 1923, in respect to each

stamp of the series of 1918 then affixed thereto, the amount indicated thereon as then payable, or at his option, will be entitled to receive at an earlier date a lesser amount indicated by a table thereon.

Among the terms and conditions are the following: "(1) This certificate is not a valid obligation unless a United States War-Savings Certificate Stamp of the Series of 1918 is affixed hereto. (2) This certificate is of no value except to the owner named hereon, and is not transferable. (3) Not more than twenty United States War-Savings Certificate Stamps, and only such Stamps of the Series of 1918, may be affixed hereto. . . . (6) The law provides that no one person shall at any one time hold War-Savings Certificates to an aggregate amount exceeding One Thousand Dollars."

The names of the owners are endorsed on the certificates, and their addresses.

The indictment was quashed on Sacks' motion on the ground, recited in the judgment, that the indictment was not " authorized under any construction of the act of Congress upon which it is alleged to be predicated, to wit, the act of Congress of September 24, 1917, and section 6, and as amended by the act of Congress of September 24, 1918, section 2 thereof, and sections 148 and 151 of the Criminal Code of the United States, or under the construction of any other statute of the United States now in force."

The judgment and the action of the court are assigned as error. The construction of the sections of the Criminal Code and the act of Congress referred to is necessarily involved: Section 148 makes an offender " whoever, with intent to defraud, shall falsely make, forge, counterfeit, or alter any obligation or other security of the United States. . . ." Section 151 makes an offender " whoever, with intent to defraud, shall pass, utter, publish, or sell," or attempt to do either act, " or shall keep in

possession or conceal with like intent, any falsely made, forged, counterfeited, or altered obligation or other security of the United States. . . ."

Section 147 of the Criminal Code defines obligations and securities of the United States to be evidences of indebtedness, and adds to a specific enumeration the comprehensive words " stamps and other representatives of value, of whatever denomination, which have been or may be issued under any act of Congress."

Section 154 makes dealing in the false and counterfeited obligations of either section an offense.

The Act of Congress of September 24, 1917, c. 56, 40 Stat. 291, authorizes the Secretary of the Treasury to borrow, from time to time on the credit of the United States, such sum or sums as in his judgment may be necessary, and to issue therefor, at such price or prices, and upon such terms and conditions as he may determine, war savings, certificates of the United States on which interest to maturity may be discounted in advance at such rate or rates and computed in such manner as he may prescribe. Further detail of the act is not necessary except to say that the amount of certificates sold to any one person at any one time shall not exceed $100—nor shall any one person at any one time hold more than $1,000. And it is provided that the Secretary of the Treasury may upon such terms and regulations as he may prescribe, issue or cause to be issued, stamps to evidence payment for or on account of such certificates.

It will be observed from this statement of the provisions of the law that to sustain the indictment there must be the fact of an alteration of an obligation of the United States, or having in possession an altered obligation with intent to pass and sell the same. It is contended by Sacks that such was not the condition, and to sustain the contention two propositions are urged: (1) That neither the certificate nor the stamps was an obliga-

tion of the United States. (2) That the removal of the stamps was the destruction of the certificate, not its alteration. The purpose of § 148, it is contended, is to prevent the utterance and passing of spurious instruments and the alteration of genuine ones either by changing their form, or increasing or decreasing their obligation. In development and illustration of the contention, it is asserted that the Government received full value for the stamps, and its liability thereon was fixed when the stamps came into Sacks'· possession and continued the same no matter how many times the stamps changed hands. " The owner of the stamp could affix it to or remove it from the card [certificate] without changing the obligation of the United States." And further, " the definition to be given the word ' alteration ' is no different in the case of a Government obligation than the alteration of a private obligation. If the alteration does not prejudice the rights of the obligor the act of alteration will not constitute a crime." Cases are cited in support of the contentions.

The contentions are based on a misapprehension of the act providing for the certificates and the necessary relation of the sections of the Criminal Code to the purposes of that act. Whether the certificates or the stamps be considered individual or composite obligations of the United States, necessarily the alteration of both or either is within § 148 of the Criminal Code. Their purpose is defeated and perhaps perverted by alteration. They are but instruments of the law and the law is to be considered. It provided an opportunity of investment for persons of small means, and the power to prescribe ways adequate to the purpose was given to the Secretary of the Treasury. In other words, details of execution were committed to him with power to give to the certificate and the stamps such character, quality and legal effect that he should consider to be efficient. And, exercising the power, he in-

cluded, as a condition to the validity of the certificate as an obligation of the United States, the affixing of a stamp thereto, and that not more than twenty stamps of the series of 1918 might be affixed, and that no one person could at any one time hold certificates of an aggregate amount exceeding $1,000.

These conditions were defeated and intended to be defeated by the action of Sacks in tearing from the face of the certificate two stamps. Such action constituted an alteration of the certificate and the stamps with intent to use the same without the remainder of the certificate signed by the purchaser and thus to defraud the United States by defeating the purposes of the law of September 24, 1917, and the circulars of the Secretary of the Treasury empowered to be issued under that law, and the terms and conditions endorsed on the certificate, and the court's decision to the contrary was a misconstruction of the Act of September 24.

There therefore was a violation of § 151 as charged in the third count of the indictment, Sacks having in his possession, with intent to defraud the United States, an altered obligation of the United States.

*Judgment reversed and cause remanded for further proceedings in conformity with this opinion.*