## BROWN v. WHITE, Warden.

Circuit Court of Appeals, Eighth Circuit.
January 21, 1928.

No. 7823.

1. Habeas corpus ⬅4—Prisoner will not be discharged on habeas corpus, unless sentence was without jurisdiction, writ not being substitute for writ of error.

Habeas corpus cannot be used as substitute for writ of error, and a prisoner under sentence of another court will not be discharged on habeas corpus by court having authority to entertain the writ, unless the court passing sentence was without jurisdiction and its proceedings void.

2. Habeas corpus ⬅29—Prisoner held under sentence and judgment based on indictment which charges colorless or impossible offense may secure discharge by habeas corpus.

If offense charged in indictment is colorless or is an impossible one under the law, court has no jurisdiction to render judgment thereon, and prisoner held in custody under sentence and judgment based on such indict-

ment may be discharged from such custody on writ of habeas corpus.

**3. Habeas corpus ⊕⟹92(1)—Construction and sufficiency of indictment are primarily questions for trial court.**

Construction to be placed on indictment and its sufficiency in stating offense are primarily questions for determination of trial court.

**4. Habeas corpus ⊕⟹30(2)—Mere lack of certainty or defect in statement of offense in indictment does not warrant discharge by habeas corpus of one convicted thereunder.**

Objection to indictment merely on account of lack of certainty or defect in statement of offense does not sustain writ of habeas corpus to secure prisoner's discharge from custody under sentence and judgment imposed on indictment.

**5. United States ⊕⟹91½—Treasury regulations relative to registration and negotiation of war savings certificates held authorized under statutes providing for issuance of certificates (Act Sept. 24, 1917, § 6, as amended by Act Sept. 24, 1918, § 2 [31 USCA § 757]; 31 USCA § 762).**

Regulations of Treasury Department providing for registration and negotiation of war savings certificates, and requiring attachment of war savings certificate stamp, held within authority granted by Act Sept. 24, 1917, § 6, as amended by Act Sept. 24, 1918, § 2 (31 USCA § 757), and Act Nov. 4, 1918, § 1 (31 USCA § 762) providing for issuance of war savings certificates by the Secretary of the Treasury.

**6. Evidence ⊕⟹47—Treasury Department regulations relative to war savings certificates are subject of judicial notice (Act Sept. 24, 1917, § 6, as amended by Act Sept. 24, 1918, § 2 [31 USCA § 757]; 31 USCA § 762).**

Court will take judicial notice of rules and regulations of Treasury Department issued in pursuance to acts of Congress, Act Sept. 24, 1917, § 6, as amended by Act Sept. 24, 1918, § 2 (31 USCA § 757); Act Nov. 4, 1918, § 1 (31 USCA § 762) relating to war savings certificates.

**7. Counterfeiting ⊕⟹8—Altering of war savings certificate with war savings certificate stamp attached, by obliterating post office and registration number with intent to defraud, constitutes offense of "altering government obligation" of United States (Act Sept. 24, 1917, § 6, as amended by Act Sept. 24, 1918, § 2 [31 USCA § 757]; 31 USCA § 762; Cr. Code, § 148 [18 USCA § 262]).**

Alteration of United States war savings certificate with war savings certificate stamp attached, by obliterating the post office and registration number with intent to defraud, constitutes offense under Criminal Code, § 148 (18 USCA § 262), relating to alteration of obligation or security of United States, since Act Sept. 24, 1917, § 6, as amended by Act Sept. 24, 1918, § 2 (31 USCA § 757), and Act Nov. 4, 1918, § 1 (31 USCA § 762), and treasury regulations pursuant thereto make such war savings certificate an obligation of the United States.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Alter—Alteration.]

**8. Habeas corpus ⊕⟹29—Indictment charging alteration and possession of war savings stamps of series of 1918, by removing registration and post office numbers, where certificate altered was set forth, held not to permit discharge of prisoner in habeas corpus as absolutely void (Cr. Code, §§ 148, 151 [18 USCA §§ 262, 265]; Act Sept. 24, 1917, § 6, as amended by Act Sept. 24, 1918, § 2 [31 USCA § 757]; 31 USCA § 762).**

Indictment, under Criminal Code, §§ 148, 151 (18 USCA §§ 262, 265), denouncing alteration of obligations of United States and possession of altered obligations, which indictment charged defendant with alteration and possession of war savings stamps of the series of 1918, by removing registration and post office numbers from the face of the war savings stamps, held not absolutely void for failure to state offense, so as to permit discharge in habeas corpus proceedings of prisoner convicted thereunder, where indictment set forth instrument alleged to have been altered, which bore title "United States War Savings Certificate Stamp," since Act Sept. 24, 1917, § 6, as amended by Act Sept. 24, 1918, § 2 (31 USCA § 757), and Act Nov. 4, 1918, § 1 (31 USCA § 762) and treasury regulations thereunder, make United States war savings certificates to which stamp is attached obligations of United States.

Appeal from the District Court of the United States for the District of Kansas.

Proceeding by Spencer Brown for writ of habeas corpus to secure petitioner's release from custody, prayed to be directed to T. B. White, Warden of the United States Penitentiary at Leavenworth, Kan. From a judgment denying the writ, petitioner appeals. Affirmed.

Spencer Brown, in pro. per.

Al. F. Williams, U. S. Atty., and Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before KENYON and BOOTH, Circuit Judges, and MUNGER, District Judge.

KENYON, Circuit Judge. Appellant, in the District Court of the United States, Northern District of Illinois, was indicted, tried, and convicted on each of four counts of an indictment; the first three charging a violation of section 148, Criminal Code (18 USCA § 262), by altering an obligation or security of the United States with intent to defraud, and the fourth charging a violation of section 151 of the Criminal Code (18 USCA § 265), in that he had in his possession a fraudulently altered obligation or security of the United States with intent to pass and sell the same. A demurrer was filed to the indictment raising certain questions as to the sufficiency thereof, which demurrer was overruled by the court. Appellant was sentenced on each count to eight years in the

penitentiary at Leavenworth, and to pay a fine of $1,000, the sentences to run concurrently.

One of the assignments of error in the Circuit Court of Appeals is the following:

"Said District Court erred in entering judgment against him, in pronouncing sentence upon this defendant and plaintiff in error, in this: That the matters and things alleged in the indictment in said cause in the respective counts thereof do not constitute an offense against the United States of America, and that there is no evidence to sustain said sentence, and for that reason, said District Court was without jurisdiction or authority to enter said judgment and to pronounce said sentence in said cause."

The judgment of the trial court was affirmed by said Circuit Court of Appeals. Appellant was received at the United States penitentiary at Leavenworth, Kan., on the 21st day of May, 1926, and soon thereafter filed a petition for writ of habeas corpus, alleging that the indictment did not charge an offense known to the laws of the United States; that it charged in the various counts the alteration and possession of war savings stamps of the series of 1918 by removing the registration and post office numbers from the face of the war savings stamps; that there is no such security or obligation of the United States known to its laws as a war savings stamp of the series of 1918, and therefore the facts of the indictment are colorless, and the sentence and judgment are void, and he is unlawfully in custody.

The trial court denied the petition. We are asked to review its finding.

[1] The courts are met with repeated attempts to substitute habeas corpus for writ of error, notwithstanding the multiplicity of cases holding that it cannot be done. The law as to applicability of the writ of habeas corpus would seem to be well settled. In Franklin v. Biddle, Warden, etc., 5 F.(2d) 19, 21, this court said: "A writ of habeas corpus cannot be made to perform the office of a writ of error. It is available only to relieve a prisoner from the restraint imposed by a judgment or order that is absolutely void, on the ground that the court was without jurisdiction to render it." Tullidge v. Biddle, Warden (C. C. A.) 4 F.(2d) 897; Cardigan v. Biddle, Warden (C. C. A.) 10 F.(2d) 444; Gillenwaters v. Biddle, Warden (C. C. A.) 18 F.(2d) 206; Ex parte Siebold, 100 U. S. 371, 25 L. Ed. 717; In re Swan, 150 U. S. 637, 14 S. Ct. 225, 37 L. Ed. 1207. It is a well-established rule that a prisoner under sentence of another court will not be discharged on habeas corpus by a court having authority to entertain the writ, unless the court passing sentence was so far without jurisdiction that its proceedings are void —in other words, that the sentence exceeds the jurisdiction of said court.

[2] If the offense charged in an indictment is colorless or an impossible one under the law there is no jurisdiction in a court to render judgment thereon. There is nothing upon which to base a judgment, and if a prisoner is held in custody under sentence and judgment on such indictment, void on its face, he may be discharged from such custody upon writ of habeas corpus by another court having authority to entertain the writ. Mackey, et al. v. Miller (C. C. A.) 126 F. 161; Ex parte Siebold, 100 U. S. 371, 25 L. Ed. 717; In re Nielson, 131 U. S. 176, 9 S. Ct. 672, 33 L. Ed. 118; Andrews v. Swartz, 156 U. S. 272, 15 S. Ct. 389, 39 L. Ed. 422; Kaizo v. Henry, etc., 211 U. S. 146, 29 S. Ct. 41, 53 L. Ed. 125.

[3] There is great difference, however, in the law as to habeas corpus where the indictment fails to state any crime whatever under the laws of the United States, and where the indictment is merely incorrect or defective in its statement of the offense. The construction to be put on the indictment and its sufficiency in stating a real offense is primarily for the trial court. Sander v. Johnston, Warden (C. C. A.) 11 F.(2d) 509. In Goto et al. v. Lane, etc., 265 U. S. 393, 402, 44 S. Ct. 525, 527 (68 L. Ed. 1070), the court said: "The Circuit Court in which the petitioners were tried and convicted undoubtedly had jurisdiction of the subject-matter and of their persons, and the sentence imposed was not in excess of its power. The offense charged was neither colorless nor an impossible one under the law. The construction to be put on the indictment, its sufficiency, and the effect to be given to the stipulation were all matters the determination of which rested primarily with that court. If it erred in determining them, its judgment was not for that reason void, * * * but subject to correction in regular course on writ of error."

[4] As to review of the sufficiency of an indictment on habeas corpus proceedings, the Supreme Court says in Knewel v. Egan, 268 U. S. 442, 446, 45 S. Ct. 522, 524 (69 L. Ed. 1036): "It is fundamental that a court upon which is conferred jurisdiction to try an offense has jurisdiction to determine whether or not that offense is charged or proved. Otherwise every judgment of conviction would be subject to collateral attack and review on habeas corpus on the ground that

no offense was charged or proved. It has been uniformly held by this court that the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings." If the objection to the indictment is merely to a lack of certainty or other defect in the statement of facts to constitute the offense, it is not sufficient to sustain habeas corpus. Ex parte Bigelow, 113 U. S. 328, 5 S. Ct. 542, 28 L. Ed. 1005; In re Schneider, 148 U. S. 162, 13 S. Ct. 572, 37 L. Ed. 406; In re Eckart, 166 U. S. 481, 17 S. Ct. 638, 41 L. Ed. 1085.

With these legal propositions in mind we pass to a consideration of the indictment, discussing only the first count thereof, as the identical questions inhere in each count. That count charged that appellant "with intent to defraud, unlawfully and feloniously did falsely alter a certain obligation and security of the said United States, to wit, a war savings stamp of the series of 1918, bearing post office number 34017 and registration number 47, by then and there erasing and obliterating said postoffice and registry numbers from the face of said obligation." Said count is illustrated by a copy of the certificate marked "United States War Savings Certificate Stamp."

Section 6829l, Comp. Stat. 1919 Supp. vol. 2 (Act Sept. 24, 1917, c. 56, § 6, as amended by Act Sept. 24, 1918, c. 176, § 2 [31 USCA § 757]), provides for the issuance of war savings certificates by the Secretary of the Treasury under such regulations and terms and conditions as he may prescribe and provides for payment of the same. The section is as follows:

"In addition to the bonds authorized by section one of this act and the certificates of indebtedness authorized by section five of this act, the Secretary of the Treasury is authorized to borrow from time to time, on the credit of the United States, for the purposes of this act and to meet public expenditures authorized by law, such sum or sums as in his judgment may be necessary, and to issue therefor, at such price or prices and upon such terms and conditions as he may determine, war savings certificates of the United States on which interest to maturity may be discounted in advance at such rate or rates and computed in such manner as he may prescribe. Such war savings certificates shall be in such form or forms and subject to such terms and conditions, and may have such provisions for payment thereof before maturity, as the Secretary of the Treasury may prescribe. Each war savings certificate so issued shall be payable at such time, not exceeding five years from the date of its issue, and may be redeemable before maturity, upon such terms and conditions as the Secretary of the Treasury may prescribe. The sum of such war savings certificates outstanding shall not at any one time exceed in the aggregate $4,000,000,000. It shall not be lawful for any one person at any one time to hold war savings certificates of any one series to an aggregate amount exceeding $1,000. The Secretary of the Treasury may, under such regulations and upon such terms and conditions as he may prescribe, issue, or cause to be issued, stamps to evidence payments for or on account of such certificates."

Section 6829l½, Comp. Stat. 1919 Supp. vol. 2 (31 USCA § 762), being Act Nov. 4, 1918, c. 201, § 1, is as follows:

"The Secretary of the Treasury is authorized and directed to advance to the Postmaster General from the appropriation for expenses of preparation and issuance of war savings stamps such sums as may be necessary to meet the expenses of the Post Office Department for clerical service and other necessary expenditures in connection with the distribution, sale, and keeping of accounts of war savings and thrift stamps."

Some amendments were subsequently passed to these acts not important as to the issue here.

[5, 6] The regulations of the Treasury Department issued November 15, 1917, in pursuance to the acts of Congress (Department Circular of 1917, No. 94) provided for registration of the war savings certificates at any post office of the first, second or third class, subject to such regulations as the Postmaster General may from time to time prescribe. Payment of any certificate so registered to be made only at the post office where registered. Also the regulations provide that the certificate is not a valid obligation unless a United States war savings certificate stamp of the series of 1918 is affixed thereto; that the certificate is not transferable; that unless registered the United States will not be liable if payment be made to a person not the rightful owner. The Secretary of the Treasury had power to make these rules and regulations, and the court will take judicial notice of them. Rossi v. United States (C. C. A.) 278 F. 349; United States v. Sacks, 257 U. S. 37, 42 S. Ct. 38, 66 L. Ed. 118; United States v. Janowitz et al., 257 U. S. 42, 42 S. Ct. 40, 66 L. Ed. 120.

[7] The Supreme Court in United States v. Sacks, 257 U. S. 37, has held, page 41, 42

S. Ct. 38, 39 (66 L. Ed. 118), that "whether the certificates or the stamps be considered individual or composite obligations of the United States necessarily the alteration of both or either is within section 148 of the Criminal Code." If appellant altered a war savings certificate with a war savings certificate stamp attached, by obliterating the post office and registration number thereon with intent to defraud, he committed an offense under section 148 of the Criminal Code. Rossi v. United States (C. C. A.) 278 F. 349.

[8] Is such offense charged in the indictment? Is the indictment to be considered as absolutely void because it used the term war savings stamp as a descriptive term, instead of the term war savings certificate stamp or war savings certificate? The government issued these war savings certificates, and sold the stamps to be attached thereto as a means of raising money to carry on the war. The certificate did not become a valid obligation unless a war savings stamp was attached. It is common knowledge that war savings certificates and war savings certificate stamps were commonly referred to as war savings stamps. Section 6829½, heretofore quoted, shows that the law-making power, in passing said section, used the term war savings stamps to cover war savings certificate stamps. The indictment set forth in count 1 the instrument alleged to have been altered, with the title "United States War savings Certificate Stamp."

Under the regulations of the Treasury Department there could be no registration unless a war savings certificate stamp was attached to the war savings certificate, which shows that the registered instrument which appellant was charged with altering was a completed war savings certificate. It is quite apparent therefore that appellant had full knowledge that what he was charged with altering, by erasing or obliterating the post office and registry number therefrom was a registered war savings certificate of the series of 1918, with at least one war savings certificate stamp attached. The indictment was not well worded. The description of the instrument altered was inaccurate. The indictment was subject to objection, but certainly was not an absolute nullity. It was not an attempt to charge an impossible offense. The most that can be said is that there was a defective description of the obligation. The foundation, however, was sufficient upon which to rest jurisdiction. The trial court had jurisdiction of the offense of fraudulently altering an obligation of the United States. It had jurisdiction of the person of appellant. The indictment states in counts 1, 2, and 3, although somewhat imperfectly, a violation of section 148 of the Criminal Code; also, in count 4, a violation of section 151.

There is no question raised here that could not have been presented on the appeal to the Circuit Court of Appeals of the Seventh Circuit, and in view of the demurrer filed, and the assignment of error hereinbefore referred to, it is apparent the question of the sufficiency of the indictment was before that court, and presumably passed on adversely to appellant's contention. Very applicable to this situation is the language of this court in Cooley et al. v. Morgan, Warden, 221 F. 252, where Judge Carland said: "There is no question presented on the present appeal that could not have been presented on the writ of error, and many of them were so presented and decided adversely to appellants. * * * We have no authority to review the decision of the Circuit Court of Appeals of the Seventh Circuit, neither have we any authority to permit the writ of habeas corpus to be used as a writ of error." See also the language of Judge Caldwell (In re Rowe [C. C. A.] 77 F. 161) relative to an insufficient information as a basis of a habeas corpus proceeding.

This case presents a palpable attempt to use the writ of habeas corpus as a writ of error. The trial court was correct in not permitting it to be done. Its judgment denying the writ is affirmed.