**SMITH v. UNITED STATES.**

**No. 7329.**

Circuit Court of Appeals, Fifth Circuit.

Jan. 10, 1935.

R. F. Wiseheart and Tamp W. Grobe, both of Houston, Tex., for appellant.

Douglas W. McGregor, U. S. Atty., and Albert Thomas, Asst. U. S. Atty., both of Houston, Tex.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Appellant was convicted of violating 18 USCA § 265, in that, in the language of the indictment, he "did unlawfully and knowingly, and with the intent to defraud, keep and have in his possession an altered obligation of the United States; that is to say * * * the back of a valid one dollar United States silver certificate," which is set out in hæc verba. He relies for reversal on the contentions (1) that the indictment fails to disclose or explain how the split certificate could be used to defraud, and (2) that according to both the indictment and the evidence the government obligation was mutilated instead of being altered.

It was unnecessary for the indictment to state in what manner the fraud would be or was intended to be perpetrated. If it had contained such an allegation, it would have been improperly pleading the evidence.

When appellant was arrested he had in his possession what was described as a confidence operator's outfit, and a number of split bills. Among these latter was a $1 silver certificate with the back cut or split off from the front; on the outside it had the appearance of being a whole bill. Appellant stated to a government agent that he used altered notes in a swindling operation, that he was a confidence operator, and had been operating a confidence game by means of

which he defrauded "suckers." The càse nearest in point is that of United Státes v. Sacks, 257 U. S. 37, 42 S. Ct. 38, 66 L. Ed. 118, where it was held that tearing stamps from a war savings certificate constituted alteration. The verb "alter," as defined by Webster, means to change without destroying the identity of the thing changed. Under that definition it seems clear that the government obligation described in the indictment was, within the meaning of the statute, altered, although it may also have been mutilated.

The judgment is affirmed.