BACHRACK et al. v. UNITED STATES.

No. 7585.

Circuit Court of Appeals, Fifth Circuit.

March 4, 1935.

Rehearing Denied April 2, 1935.

H. J. Bernard and B. L. Palmer, both of Houston, Tex., for appellants.

Douglas W. McGregor, U. S. Atty., and Albert Thomas, Asst. U. S. Atty., both of Houston, Tex.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Appellants were convicted on the first count of an indictment which charged them with having in their possession forged and counterfeit internal revenue stamps similar to the genuine stamps required by law to be placed upon containers of distilled spirits, "with intent to defraud." They were also convicted on several other counts of a similar nature, but the sentence was a general one and was such as lawfully could have been imposed on the first count. The only contention we need to consider is that the first count was fatally defective because it failed to allege an intent to defraud the United States or any named individual.

As regards intent, the indictment is in the language of the statute, 26 USCA § 273, under which it was drawn. That statute, like those designed to punish offenses against the currency, 18 USCA §§ 262, 265, 267, 270, 271, 272, uses the comprehensive term "with intent to defraud" for the very purpose of making it immaterial whether

the offender intended to defraud the government or some particular individual. One engaged in counterfeiting and kindred crimes may not, and probably does not usually, know who may be the victim of his fraudulent scheme; his real intention is that the forged instrument shall be accepted as genuine. A prosecutor cannot possibly know more about the intent of the possessor of counterfeit stamps than such possessor himself knows. The intent to defraud may therefore, in cases like this, be averred in general terms. Evans v. United States, 153 U. S. 584, 594, 14 S. Ct. 934, 38 L. Ed. 830; United States v. Sacks, 257 U. S. 37, 42 S. Ct. 38, 66 L. Ed. 118; Smith v. United States, 74 F.(2d) 941. See, also, 2 Bishop's Criminal Law, § 598 (1 and 4); Bishop's Criminal Procedure, vol. 2, §§ 611 (2), 612 (3), 614 (2).

The judgment is affirmed.