## KEESE v. ZERBST.*
### No. 1484.

Circuit Court of Appeals, Tenth Circuit.
March 4, 1937.

Phillip G. Keese, pro se.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS and BRATTON, Circuit Judges, and JOHNSON, District Judge.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying an application for a writ of habeas corpus.

Petitioner was convicted and sentenced upon an indictment containing two counts. The first count charged a conspiracy to commit an offense against the United States, to-wit: To violate 18 U.S.C.A. § 262. The second count charged a violation of section 262, supra.

Section 262 reads as follows:

"Whoever, with intent to defraud, shall falsely make, forge, counterfeit, or alter any obligation or other security of the United States shall be fined not more than $5,000 and imprisoned not more than fifteen years."

The petitioner was sentenced to imprisonment for a term of seven years in the United States penitentiary at Leavenworth.

The second count of the indictment charged that the petitioner and others on the first day of November, 1934, in the

Western District of Texas and the Austin Division thereof:

"with intent to defraud, did falsely make and alter an obligation of the United States, to-wit: a genuine Five Dollar National Bank Note by splitting said * * * note, thereby * * * leaving the face and reverse of said National Bank Note in two distinct parts, the parts being described substantially as follows:

(FACE)

"5  NATIONAL CURRENCY  5.
"Secured by United States Bonds deposited
   with the Treasurer A068606
"E. E. Jones  4322 W. O. Woods
"Register of the  Treasurer of the United
Treasury  States

THE UNITED STATES OF AMERICA
"4322  (SEAL)  4322
  "Series of 1929

"THE AMERICAN NATIONAL Redeemable in
BANK OF AUSTIN TEXAS lawful money of
   (Picture of) the United States,
   (Lincoln) at United States
    Treasury or at the
    Bank of issue.
"Will pay to the bearer on
demand FIVE DOLLARS
   "Series of 1929
"A068606  4322
 "L. D. Williams  President
  "Cashier
"5  FIVE DOLLARS  5"
  (REVERSE)
"5 Five  Five 5
 "THE UNITED STATES OF AMERICA
  "Picture of
  "LINCOLN MEMORIAL
"Five  Five
"Five  FIVE DOLLARS Five."

Petitioner contends that count 2 did not charge an offense under section 262, supra, but charged a violation of 18 U.S.C.A. § 291.[1]

He therefore asserts that the sentence imposed was excessive in that the maximum sentence that could be imposed is two years and six months.

Count 2 charged an alteration of a national bank note by splitting the same so that portion of the note printed on one side thereof was severed and separated from that portion printed on the reverse side thereof.

Erasing words from an instrument or severing a portion thereof so that its effect is changed is a material alteration and constitutes forgery at common law. State v. Stratton, 27 Iowa, 420, 1 Am. Rep. 282; State v. Mitton, 37 Mont. 366, 96 P. 926, 127 Am.St.Rep. 732; Bishop on Criminal Law (9th Ed.) Vol. 2, § 578-2. One side of the note contained the promise of the American National Bank of Austin to pay the bearer Five Dollars on demand and recited that the note was redeemable in lawful money of the United States at the United States Treasury or at the American National Bank of Austin, Texas. A severance of this portion of the note from the reverse side, which contained no such promise or recital, changed the effect of the note and constituted a material alteration.

In United States v. Sacks, 257 U.S. 37, 42 S.Ct. 38, 66 L.Ed. 118, it was held that the severing of war savings certificate stamps from a war savings certificate issued to another, with intent to use them apart from the certificate, constituted an alteration of an obligation of the United States within the meaning of section 262, supra.

In Smith v. United States (C.C.A.5) 74 F.(2d) 941, it was held that severing the front from the back of a one dollar silver certificate was a material alteration thereof within the meaning of section 262, supra.

In Foster v. United States (C.C.A.10) 76 F.(2d) 183, this court held any alteration material to and in furtherance of a scheme to defraud came within section 262, supra.

We therefore conclude that count 2 charged a material alteration within the purview of section 262, supra, and that the sentence is not excessive.

While other grounds for the writ were urged below, petitioner in his brief here says:

"The committing court had jurisdiction of the person and the cause. Whether or not the sentence imposed was in excess of its authority is the sole question here involved."

Hence we deem it unnecessary to consider the other questions presented below.

Affirmed.

---

[1] Section 291, supra, reads as follows:
"Whoever shall mutilate, cut, deface, disfigure, or perforate with holes, or unite or cement together, or do any other thing to any bank bill, draft, note, or other evidence of debt, issued by any national banking association, or shall cause or procure the same to be done, with intent to render such bank bill, draft, note, or other evidence of debt unfit to be reissued by said association, shall be fined not more than $100, or imprisoned not more than six months, or both."