DIANA S. ANTHONY

*vs.*

ALPHONSE ARPIN.

CHARLES B. ANTHONY

*vs.*

ALPHONSE ARPIN.

York.    Opinion, January 31, 1945.

*Clifford & Clifford,*

*John D. Clifford,*

*Daniel E. Crowley,*

*Albert W. Cookson,*

*Merle C. Rideout,* for the plaintiffs.

*Robinson & Richardson, John D. Leddy,* for the defendants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

PER CURIAM.

On motions by the defendants for new trials. The actions arose out of an automobile accident in which the plaintiff, Diana L. Anthony, received severe injuries and her husband, Charles B. Anthony, incurred large expense for her medical, hospital and other services. The defendant owned the automobile which was in collision with that driven by Charles B. Anthony on Sunday, February 15, 1942. At the time of the accident, the Arpin car was being operated by Leo Durand, a brother of the defendant's wife. He was alone in the car.

The only issue presented is whether or not Durand was, at the time of the accident, acting as the servant or agent of the defendant, and liability is contested upon the contention that the doctrine of respondeat superior, under the circumstances of the case, does not apply. It appears from the record that, after the general charge by the presiding Justice, to which no exceptions were taken, the specific question was submitted to the jury by request or agreement of counsel:

> "Was Leo Durand at the time of the accident acting as the servant or agent of the defendant, Alphonse Arpin, and on the business of said defendant?"

Upon return of the verdicts, the jury on interrogation, answered the specific question in the affirmative. There can be

no doubt that the attention of the jury was particularly called to the issue, and no complaint is made of the instructions of the Court with respect thereto.

The defense relied upon a statement made by Leo Durand four days after the accident, which statement was procured and written by counsel for the defendant. He said:

> "Alphonse Arpin is my brother-in-law. On February 15, 1942 he let me use his car for the afternoon. At about 1:45 P. M. that day I was going east on the Sanford-Biddeford road when I was in an accident with Charles Anthony. I was alone. I was taking a ride to pass the time."

The only other persons apparently chargeable with knowledge of the fact in issue were Alphonse Arpin, the defendant, his wife and their son, Richard L. Arpin. Neither the defendant nor his wife testified. Durand was in the armed services at the time of the trial, and the unsworn statement which he had given was admitted by agreement as testimony. The son, Richard L. Arpin, a boy thirteen years old, testified in substance that his uncle, Durand, was at the Arpin home in the forenoon of the Sunday in question, stayed to dinner and left soon after. During the forenoon he heard a conversation between the defendant and Durand, which recognized the fact that Mrs. Arpin was pregnant and expected soon to be delivered, and Arpin wanted Durand to find a woman to do the housework, because Mrs. Arpin was then sick and unable to work. Durand was working for a woman in Biddeford or Old Orchard, and agreed to make the trip there to see if she could obtain the needed help. Durand was to go in the afternoon and came back for supper. On cross-examination, the lad was asked:

"Q. You didn't hear him (Arpin) say to take the car for the afternoon?

A. No, sir. He said to take the car and go get a woman."

The accident happened about seven miles from Sanford on the road towards Biddeford and Old Orchard, and Durand went no farther. Considering the fact that Arpin and his wife remained silent, that Durand was not asked for any further explanation, and the element of agency was never specifically called to his attention, and the further fact that, as appears in the record, Mrs. Arpin gave birth to a child seventeen days later, the jury was amply justified in coming to the conclusion that Durand was acting at the particular time and place of the accident, upon the request and direction of the owner of the car, in performance of a mission for the defendant, and as his servant and agent.

There was sufficient evidence, if accepted as credible by the jury, to comply with the rule as enunciated in varied phrase, but with like effect that

"A master is liable to third persons for damages resulting from his servant's negligence while acting in the course of his employment, or as it is sometimes expressed, within the scope of his authority, but the relation of master and servant at the time of and in respect to the acts complained of must be shown." *Copp* v. *Paradis*, 130 Me., 464 A.; *Maddox* v. *Brown*, 71 Me., 432; *Karahleos* v. *Dillingham*, 119 Me., 165 A.

*Motions overruled.*