ELLIS, Judge.
Plaintiff appealed suspensively from a judgment of the Trial Court affirming the decision of the Louisiana Board of Review and dismissing plaintiff’s (Frank W. Bennett d/b/a as Frank W. Bennett and Associates) suit, maintaining wages paid to employee, George Banks, by plaintiff, were not exempt under the provisions of the Louisiana Employment Security Law (LSA-R.S. 23:1471 et ,seq.) and were to be considered in determining the rights of George Banks to unemployment compensation benefits.
The facts are not in dispute. Plaintiff is engaged in the occupation of a consulting forester, rendering services to owners of timber farms and lands in the raising of timber. He conducts no logging operations; nor does he conduct sawmill operations. His business consists only of rendering services to his clients in the growing of timber.
George Banks was employed by plaintiff on a seasonal basis to plant seedlings in the winter; girdle timber in the summer, and by spraying, kill insects on the trees. Girdling of trees is a process by which a cut is made around offending scrub trees and then treated with chemicals, thereby causing death and the eventual falling of such trees to permit the planted pine seedlings to grow unhampered by the offending overhead shade.
The employer appealed on the ground that “employment” as used in LSA-R.S. 23:1472(12) (F) did not include “agricultural labor” and that the growing and cultivating of trees should be deemed agricultural labor and thus exempt from the operation of the statute and from the tax. Appellant has furnished this court with a fine and detailed brief on this point, but it is unnecessary for a proper disposition of this case to pass on that issue. Even if this court were to hold that appellant was engaged in “agricultural labor” as defined in LSA-R.S. 23:1472(2), that exclusion would be negated by LSA-R.S. 23:1472(12) (G) which provides:
“(G) Notwithstanding any of the other provisions of this Sub-section, services *292 shall be deemed to be in employment if, with respect to such services, a tax is required to be paid under any federal law imposing a tax against which credit may be taken for contributions required to be paid into a state unemployment compensation fund.”
There is no doubt that the Federal Government does impose a tax on services rendered by workers to employers of the type here involved. Section 3306(h) of the Federal Unemployment Tax Act does not specifically exclude “tree farming” from the definition of “agricultural labor.” However, Section 31-3306(k)-l(a) (1) of the regulations pertaining to the Federal Statute does specifically exclude “forestry” from the term “agricultural labor.”
Revenue Ruling 55-607, Internal Revenue Cumulative Bulletin 1955-2, 453 in effect held that services rendered in the care of trees, such as planting seedlings, pruning and thinning trees, did not constitute “agricultural labor” within the meaning of Section 3306(h) of the Federal Unemployment Tax Act.
Therefore, as the tax is imposed by the Federal Government, in this situation, LSA-R.S. 23:1472(12) (G) requires that the tax he imposed by this State and credit allowed against the Federal Tax.
Appellant attachs the Federal regulation which excludes “forestry” from “agricultural labor” as arbitrary on the ground that the Federal statute, which is for practical purposes identical with the Louisiana statute on the definition of “agricultural labor”, expresses no legislative intent to exclude “forestry.”
The particular regulation involved in this case has never been overturned by a court of competent jurisdiction and this court certainly has no jurisdiction to set aside a Federal Internal Revenue Service regulation. That regulation is valid until declared otherwise, and such regulations have the force and effect of federal law. Loyola Law Review—1962-63, Volume XI, Maryland Casualty Company v. United States, 251 U.S. 342, 40 S.Ct. 155, 64 L.Ed. 297 (1922); United States v. Sacks, 257 U.S. 37, 42 S.Ct. 38, 66 L.Ed. 118 (1921); United States v. Janowitz, 257 U.S. 42, 42 S.Ct. 40, 66 L.Ed. 120 (1921); United States v. Grimaud, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563 (1910); Hampton Jr. & Co. v. United States, 276 U.S. 394, 48 S.Ct. 348, 72 L.Ed. 624 (1928); Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892 (1944); United States v. Birdsall, 233 U.S. 223, 34 S.Ct. 512, 58 L.Ed. 930 (1914); Harvey v. Rackcliffe, 141 Me. 167, 41 A.2d 455, 161 A.L.R. 296 (1945).
Appellant attacks LSA-R.S. 23:1472(12) (G) as violating Article 3, Section 18 of the LSA-Constitution which prohibits the Legislature from adopting any system or code of laws by general reference, and requires that the law be recited at length.
The simple answer to that argument is that the Legislature did not adopt the Federal regulations by reference. The Louisiana Legislature simply imposed a tax in those cases where the Federal government actually collected a similar tax on services performed by workers for employers. Section G is actually a mandate to the courts to interpret the various exclusions from the term “employment” in accordance with the Federal interpretation in order that no unfavorable result be reached. The particular exclusions, of which “agricultural labor” is one, are set forth in detail in both the state and federal statutes. The legislative intent is clear. If it were not for Section G, Louisiana employers would be subjected to the Federal tax but Louisiana workers would not be eligible for benefits under the unemployment compensation statutes.
The decision of the trial court which affirmed the decision of the Louisiana Board of Review is affirmed.
Affirmed.