## KNEWEL, SHERIFF *v.* EGAN.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF SOUTH DAKOTA.

No. 622. Argued April 20, 1925.—Decided May 25, 1925.

1. A sentence of a state court in a criminal case can not be reviewed by *habeas corpus* in the federal court upon the ground that the information was insufficient as a pleading. P. 445.
2. Nor upon the ground that the information failed to allege venue, and that the state court denied the relator a constitutional right by holding the defect to have been waived under a state statute by failure to demur. P. 446.
3. Where a sheriff appealed to this court from a judgment of the District Court in *habeas corpus* discharging a state prisoner from his custody, and after going out of office, in collusion with the prisoner, moved a dismissal of the appeal—*Held* that the motion should be denied, and that motions of the sheriff's successor to be substituted and of the State to intervene should be granted. P. 447.

298 Fed. 784, reversed.

APPEAL from a judgment of the District Court in *habeas corpus,* discharging the appellee from custody of the appellant as sheriff.

*Mr. Byron S. Payne,* with whom *Messrs. Buell F. Jones,* Attorney General of South Dakota, *J. D. Coon* and *Samuel Herrick* were on the brief, for appellant.

*Mr. George W. Egan,* pro se.

MR. JUSTICE STONE delivered the opinion of the Court.

This case comes here on appeal from the District Court of the United States for the District of South Dakota from

an order and judgment of that court on writ of *habeas corpus,* discharging the appellee from the custody of the appellant as sheriff of Minnehaha County, South Dakota.

Appellee was charged, on information by the state's attorney of that county, with the presentation of a false insurance claim in violation of § 4271 of the Revised Code of 1919 of South Dakota. He was convicted of violation of the statute, after trial by jury, in the South Dakota Circuit Court in May, 1920, and was sentenced to serve a term in the state penitentiary. On appeal to the Supreme Court of the State, judgment of conviction was vacated and new trial granted. *State* v. *Egan,* 44 S. D. 273.

Egan was again brought to trial on the same charge in April, 1922, and was again found guilty, and sentenced to serve a term in the state penitentiary. Upon appeal to the Supreme Court of the State, the judgment of conviction was affirmed. *State* v. *Egan,* 195 N. W. 642.

Before the District Court, the appellee urged, as he urges here, two principal grounds for granting the writ, namely, that the information on which the conviction was had did not describe a public offense; that in it no venue was laid and that in consequence the trial court was without jurisdiction in the cause.

Section 4271 of the Revised Code of South Dakota, under which the conviction was had, so far as pertinent, reads as follows:

" Every person who presents or causes to be presented any false or fraudulent claim, or any proof in support of any such claim, upon any contract of insurance for the payment of any loss, . . . is punishable by imprisonment in the state penitentiary not exceeding three years, or by fine not exceeding one thousand dollars, or both."

The information charged in substance that the Firemen's Insurance Company, a corporation of Newark, New Jersey, was empowered to do business in the State of South

Dakota and in pursuance of this authority insured certain
property of petitioner located in Minnehaha County; that
the property was destroyed by fire and that thereafter pe-
titioner presented a false claim to its agents; the language
of the information being " and that thereafter and on or
about the 9th day of January, 1920, the said defendant,
George W. Egan then and there did wilfully, unlawfully
and feloniously present and cause to be presented to F. C.
Whitehouse & Co., who were at that time acting as the
agents for the Firemen's Insurance Company of Newark,
New Jersey, a false and fraudulent claim and proof in sup-
port of such claim."

The Circuit Court of Minnehaha County, in which ap-
pellee's trial and conviction were had, by the provisions
of the Constitution of South Dakota (§ 14, Article 5) and
the Revised Code of South Dakota, 1919, § 4653, is given,
original jurisdiction of all actions and causes both at
law and in equity and original jurisdiction to try and de-
termine all cases of felony. It accordingly had plenary
jurisdiction to try the charge of violation of § 3271 of
the Revised Code which makes the presentation of false
or fraudulent insurance claims a crime punishable by
imprisonment in the state penitentiary, which, by § 3573
is made a felony. The Circuit Court is not limited in its
jurisdiction by the statutes of the State to any particular
county. Its jurisdiction extends as far as the statute law
extends in its application; namely throughout the limits
of the State. The only limitation in this regard, con-
tained in the statute, is found in § 4654 which provides
in substance that the issue of fact in any criminal case
can only be tried in the court in which it is brought, or to
which the place of trial is changed by order of the court.

Section 4771 provides that defendant may demur to the
information when it appears upon its face " that the court
is without jurisdiction of the offense charged." Section
4779 provides that objections to which demurrers may be

interposed under § 4771 are waived, with certain exceptions not here material, unless taken by demurrer.

Appellee pleaded " not guilty " to the indictment. His application, made later, to withdraw the plea and demur was denied, the court acting within its discretionary power. *State* v. *Egan,* 195 N. W. 642. The Supreme Court of South Dakota, in sustaining the verdict and upholding the conviction held that the information sufficiently charged a public offense under § 4271, 44 S. D. 273, and it also held that the objection to the failure to state the venue in the information was waived by the failure to demur. From the foregoing it will be observed that what appellee is really seeking on this appeal is a review on *habeas corpus* of the determination of the Supreme Court of South Dakota that the information was sufficient as a pleading and a determination that the decision of the state court holding that under the Revised Code of 1919 (§§ 4725, 4771, 4779) the appellee waived the objection that the information did not state the venue by not demurring, was a denial of his constitutional rights which can be reviewed on *habeas corpus.*

It is the settled rule of this Court that *habeas corpus* calls in question only the jurisdiction of the court whose judgment is challenged. *Andrews* v. *Swarz,* 156 U. S. 272; *Bergemann* v. *Backer,* 157 U. S. 655; *In re Lennon,* 166 U. S. 548; *Felts* v. *Murphy,* 201 U. S. 123; *Valentina.* v. *Mercer,* 201 U. S. 131; *Frank* v. *Mangum,* 237 U. S. 309.

A person convicted of crime by a judgment of a state court may secure the review of that judgment by the highest state court and if unsuccessful there may then resort to this Court by writ of error if an appropriate federal question be involved and decided against him; or, if he be imprisoned under the judgment, he may proceed by writ of *habeas corpus* on constitutional grounds summarily to determine whether he is restrained of his liberty by judgment of a court acting without jurisdiction.

See *Ex parte Royall,* 117 U. S. 241. But if he pursues the latter remedy, he may not use it as a substitute for a writ of error. *Ex parte Parks,* 93 U. S. 18; *In re Coy,* 127 U. S. 731. It is fundamental that a court upon which is conferred jurisdiction to try an offense has jurisdiction to determine whether or not that offense is charged or proved. Otherwise every judgment of conviction would be subject to collateral attack and review on *habeas corpus* on the ground that no offense was charged or proved. It has been uniformly held by this Court that the sufficiency of an indictment cannot be reviewed in *habeas corpus* proceedings. *Ex parte Watkins,* 3 Peters 193; *Ex parte Yarbrough,* 110 U. S. 651; *Ex parte Parks, supra; In re Coy, supra; Bergemann* v. *Backer, supra; Howard* v. *Fleming,* 191 U. S. 126; *Dimmick* v. *Tompkins,* 194 U. S. 540; *In re Eckart,* 166 U. S. 481; *Goto* v. *Lane,* 265 U. S. 393.

Appellee stands in no better situation with respect to the failure to allege venue in the information. A mere failure to allege venue and thus to show affirmatively that the crime was committed within the territorial jurisdiction of the court, does not deprive the court of jurisdiction over the cause and the sufficiency of the indictment cannot be called in question upon *habeas corpus.* Even though an indictment thus drawn might have been found defective upon demurrer or writ of error, it is not so fatal, upon its face, as to be open to collateral attack after trial and conviction. *United States* v. *Pridgeon,* 153 U. S. 48, p. 59; and see *State* v. *Egan,* 44 S. D. 273, 277.

Moreover, as this case was conducted in the state court, the ultimate question presented is whether the procedure established by the statutes of South Dakota providing that failure to allege venue in the information is waived, unless demurred to, is a denial of a constitutional right. With respect to that question, we hold, as

this Court has repeatedly held, that the judgment of state courts in criminal cases will not be reviewed on *habeas corpus* merely · because some right under the Constitution of the United States is alleged to have been denied to the person convicted. The proper remedy is by writ of error. *Markuson* v. *Boucher,* 175 U. S. 184. And see *Baker* v. *Grice,* 169 U. S. 284, and *Tinsley* v. *Anderson,* 171 U. S. 101, 104. See also, with respect to review, on *habeas · corpus,* of judgments of United States District Courts, *Riddle* v. *Dyche,* 262 U. S. 333, and *Craig* v. *Hecht,* 263 U. S. 255. The judgment of the District Court was without warrant under the decisions of this Court and must be reversed.

The appeal in this case was applied for by counsel for the appellant; an assignment of errors was filed and the appeal was allowed conditional upon filing the usual appeal bond. The bond was executed by appellant, and was duly approved and filed.

Later a motion was made to this Court by other counsel appearing for appellant for that purpose, to strike from the record the brief and argument filed on his behalf by the counsel by whom the appeal was taken, on the ground that appellant never authorized the preparation or presentation of any brief in this proceeding, and that he never authorized any attorneys to appear in this Court for him as appellant. Motion has also been made on the same ground by appellee to strike from the record the brief filed in behalf of appellant and to dismiss the appeal. The affidavit of appellant in support of appellee's motion purports to show that the appeal was taken by members of the bar representing the Attorney General of South Dakota, and that the appeal was taken without appellant's unqualified approval, and states that he is satisfied with the decision of the District Court in the premises and that he desires the appeal to be dismissed.

The attorneys who took the appeal have also filed a motion to substitute for the appellant one Boardman, who since the taking of the appeal has been duly elected sheriff in the place of appellant and who consents to the substitution. The State of South Dakota also has filed a motion by its Attorney General appearing by the counsel who took the appeal, to be allowed to intervene on this appeal. All the motions referred to are now pending.

The affidavit of appellant in support of appellee's motion to dismiss discloses an obviously collusive attempt by appellant and appellee to defeat the ends of justice by dismissing the appeal without the consent of any officer representing either the State or the present sheriff, who are the real parties in interest as appellants. Appellant in his affidavit admits that, while he was in office as sheriff, he took the present appeal and he executed the appeal bond. He is therefore in this Court as party appellant; the Court has full jurisdiction of the appeal and it cannot be withdrawn without its consent. The real parties in interest in prosecuting the appeal are the State and the present sheriff, who is a public officer representing the county and the State. The substitution of the sheriff as appellant should be made. (*Thompson* v. *United States,* 103 U. S. 480, at p. 483) and the State be allowed to intervene.

The motion to dismiss the appeal is denied.

The motions for substitution of the present sheriff for the appellant and for the intervention by the State are granted.

The order of the District Court discharging the appellee from custody is reversed and the case remanded to the District Court with direction to remand him to the custody of the present sheriff.

*Reversed.*