## CARDIGAN v. BIDDLE, Warden.

(Circuit Court of Appeals, Eighth Circuit. December 9, 1925. Rehearing Denied January 25, 1926.)

No. 6978.

1. **Extradition** ☞41—Fugitive from justice, surrendered by one state to another, may be tried for any crime committed in demanding state.

A fugitive from justice, surrendered by one state on demand of another, is not protected from prosecution for offenses other than that for which he was surrendered, but may be tried in the demanding state for any crime there committed before or after extradition.

2. **Criminal law** ☞99—Fugitive from justice, removed from one federal district to another, held properly tried for offenses other than that for which removal was had.

Fugitive from justice, removed from district of Minnesota to District of Michigan for trial under indictment there pending, *held* properly there tried, without being given opportunity to leave for offenses charged in two other indictments, found after such removal.

3. **Automobiles** ☞341—Violation of National Motor Vehicle Theft Act may be committed, though vehicle has not left state.

Transportation of automobile from point in one state to point in another is interstate com-

merce, even before crossing of state line, and a violation of National Motor Vehicle Theft Act, § 4 (Comp. St. Ann. Supp. 1923, § 10418e), may be committed, though motor vehicle involved has not left state in which interstate movement was begun.

**4. Criminal law ⬤⟿620(1)—It is within discretion of court to consolidate indictments for trial.**

It is within discretion of court to consolidate indictments for trial.

**5. Habeas corpus ⬤⟿4—Alleged error in consolidating indictments for trial can only be raised on a writ of error.**

Alleged error in consolidating indictments for trial can only be raised on a writ of error, and habeas corpus cannot be made to perform office of writ of error.

**6. Habeas corpus ⬤⟿92(1)—Extent of inquiry on habeas corpus to obtain discharge from confinement after conviction for offense stated.**

Petition for habeas corpus, to obtain discharge of petitioner from confinement after conviction for an offense, presents solely questions whether petitioner was convicted by a court having jurisdiction of his person and the offense, and whether sentence pronounced was within power of court.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Petition by James A. Cardigan, for writ of habeas corpus, to be directed against W. I. Biddle, Warden of the United States Penitentiary at Leavenworth, Kan. From an order sustaining a motion to dismiss the petition, petitioner appeals. Affirmed.

James A. Cardigan, of Leavenworth, Kan., in pro. per.

Frank H. McFarland, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty., and Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. This is an appeal by James A. Cardigan (hereinafter called petitioner) from an order sustaining a motion to dismiss his petition for a writ of habeas corpus.

The petition set up substantially the following facts: That on September 29, 1921, an indictment, which charged the violation of section 37 of the Criminal Code (Comp. St. § 10201), was returned against petitioner in the District Court of the United States for the Eastern District of Michigan, and was docketed as cause No. 7764 on the rec-

ords of that court; that petitioner was arrested in the city of St. Paul October 8, 1921; that on November 2, 1921, the District Court of the United States for the District of Minnesota issued a warrant for the removal of petitioner to the Eastern district of Michigan for trial for the offense charged in the indictment in cause No. 7764; that on November 12, 1921, petitioner was removed to the Eastern district of Michigan; that on November 22, 1921, petitioner was arraigned and pleaded not guilty to the indictment in cause No. 7764, and in default of bond was committed to jail; that on March 8, 1922, two indictments were returned against petitioner in the District Court of the United States for the Eastern District of Michigan and were docketed as causes Nos. 7971 and 7972, respectively, on the records of that court; that the indictment in cause No. 7971 charged a violation of section 37 of the Criminal Code (Comp. St. § 10201), and that the indictment in cause No. 7972 contained 11 counts and charged violations of the National Motor Vehicle Theft Act (Comp. St. Ann. Supp. 1923, §§ 10418b–10418f); that said last two mentioned indictments were consolidated for the purpose of trial; that petitioner was found guilty under the indictment in cause No. 7971, and sentenced to be confined in the United States penitentiary at Leavenworth for a period of two years; that petitioner was found guilty on counts 1, 2, 7, 8, 9, and 10 of the indictment in cause No. 7972, and sentenced to be confined in the United States penitentiary at Leavenworth for a period of five years on counts 1 and 2, and three years on counts 7, 8, 9, and 10; that the imprisonment on counts 7, 8, 9, and 10 was to commence after the expiration of the five-year sentence on counts 1 and 2; and that the sentence in cause No. 7971 was to run concurrently with the sentences in cause No. 7972.

The first contention made by the petitioner is that, having been removed for trial on the charge in the indictment in cause No. 7764, he could not be tried in the Michigan district on the other two indictments. Counsel for petitioner cite certain decisions of state courts holding that, where a fugitive from justice is surrendered by one state upon the demand of another, he may not be tried in the latter state for any offense other than that for which he was surrendered.

[1] The rule on this question is stated in 25 C. J. p. 272, § 47, as follows:

"Although there has long been a conflict in the decisions of courts of the several

states, it is now generally accepted that a fugitive from justice, surrendered by one state upon the demand of another, is not protected from prosecution for offenses other than that for which he was surrendered, but may be tried for any crimes committed in the demanding state either before or after extradition without having been given an opportunity to leave the state."

The decisions of the national courts support the above rule. Lascelles v. Georgia, 148 U. S. 537, 13 S. Ct. 687, 37 L. Ed. 549; Innes v. Tobin, Sheriff, etc., 240 U. S. 127, 36 S. Ct. 290, 60 L. Ed. 562.

In Innes v. Tobin, supra, the court approved the decision in Lascelles v. Georgia, supra, and in referring thereto said:

"In that case the issue for decision was whether a person accused who had been removed to the state of Georgia from another state on extradition proceedings for trial for a specified crime was liable in Georgia to be tried for another and different crime. Reviewing the whole subject, and calling attention to the broad lines of distinction between international extradition of fugitives from justice and interstate rendition of such fugitives under the Constitution and the provisions of the act of Congress, and the error of assuming that the doctrine of asylum applicable under international law to the one case was applicable to the other, it was held that the right to prosecute for such other offense existed. The court said (page 542): 'Neither the Constitution, nor the act of Congress providing for the rendition of fugitives upon proper requisition being made, confers, either expressly or by implication, any right or privilege upon such fugitives under and by virtue of which they can assert, in the state to which they are returned, exemption from trial for any criminal act done therein. No purpose or intention is manifested to afford them any immunity or protection from trial and punishment for any offenses committed in the state from which they flee. On the contrary, the provision of both the Constitution and the statutes extends to all crimes and offenses punishable by the laws of the state where the act is done.'"

See, also, Mahon v. Justice, 127 U. S. 700, 8 S. Ct. 1204, 32 L. Ed. 283, and Ex parte Lamar (C. C. A. 2) 274 F. 160, 24 A. L. R. 864, Id., 260 U. S. 711, 43 S. Ct. 251, 67 L. Ed. 476.

In the latter case, the petitioner, while serving a sentence for a criminal offense in the United States penitentiary at Atlanta, Ga., was taken by the warden on a telegram from the Attorney General, and without the institution of proceedings for his removal under Rev. St. § 1014 (Comp. St. § 1674), into the Southern district of New York, and on his arrival there was brought into court on a writ of habeas corpus ad prosequendum, and was tried and convicted for another offense. He sought his release by a proceeding in habeas corpus. The court held that, while petitioner was brought into the district of trial illegally and without due process of law, such fact did not affect the jurisdiction of the New York court to try him, nor invalidate its judgment, so as to afford ground for his discharge from imprisonment thereunder on habeas corpus.

[2] Petitioner was in the Michigan district at the time the indictments in causes No. 7971 and No. 7972 were returned. He was subject to arrest and to trial upon those indictments. The fact that he was removed from the Minnesota district to the Michigan district for trial upon the offense charged in the indictment in cause No. 7764 did not deprive the Michigan court of jurisdiction to try him for the offenses charged in the other two indictments and upon conviction to sentence him therefor.

[3] The second contention made by the petitioner is that the crimes alleged in counts 2, 4, 6, 8, and 10 of the indictment in cause No. 7972 were not committed within the jurisdiction of the Eastern district of Michigan, and that therefore the court had no jurisdiction to try him for those offenses. These counts charged a violation of section 4 of the National Motor Vehicle Theft Act Comp. St. Ann. Supp. 1923, § 10418e). In each of these counts it is alleged that petitioner "in the Southern division of the Eastern district of Michigan" did "unlawfully, willfully, and knowingly receive and conceal" an automobile at a time when it "was moving as, was a part of, and constituted an interstate shipment between the city of Detroit, in the state of Michigan, and the city of Minneapolis, in the state of Minnesota." Petitioner's contention is bottomed upon the proposition that the interstate transportation does not begin until the stolen automobile leaves the state in which it was stolen. This, of course, is erroneous. Where an automobile is transported from a point in one state across a state line to a point in another state, the transportation in both states is in interstate commerce. The crimes were therefore committed in the Michigan district, and petitioner was subject to trial in that jurisdiction.

[4-6] The third contention made by petitioner is based upon the consolidation of the indictments for trial. The indictment in cause

No. 7971 charged a conspiracy to violate the National Motor Vehicle Theft Act and the substantive offenses alleged in the indictment in cause No. 7972 were alleged as the overt acts in the indictment in cause No. 7971. It was undoubtedly within the discretion of the trial court to consolidate these causes for trial. Pointer v. U. S., 151 U. S. 396, 14 S. Ct. 410, 38 L. Ed. 208; Sidebotham et al. v. U. S. (C. C. A. 9) 253 F. 417, 165 C. C. A. 159; Ader v. U. S. (C. C. A. 7) 284 F. 13. This question, however, could only be raised upon a writ of error. A petition for habeas corpus cannot be made to perform the office of a writ of error. Where one seeks discharge from confinement after conviction for an offense upon a petition for habeas corpus, the sole questions presented are whether petitioner was convicted by a court having jurisdiction of his person and the offense, and whether the sentence pronounced was one within the power of the court. Tullidge v. Biddle (C. C. A. 8) 4 F. (2d) 897; Franklin v. Biddle (C. C. A. 8) 5 F. (2d) 19; Knewel v. Egan, 268 U. S. 442, 445, 45 S. Ct. 522, 69 L. Ed. 1036.

The fourth contention of the petitioner is that the National Motor Vehicle Theft Act is unconstitutional. The constitutionality of this act was upheld in Brooks v. U. S., 267 U. S. 432, 45 S. Ct. 345, 69 L. Ed. 699, 37 A. L. R. 1407.

In our opinion the petition states no facts showing that the court was without jurisdiction to hear and try the causes and pronounce the sentences which were imposed. The order of the District Court was right and is affirmed.