### WILLIS v. WHITE, Warden, etc.

Circuit Court of Appeals, Eighth Circuit.
March 21, 1929.

No. 8343.

Albert Willis, in pro per.

Marlin S. Casey, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before LEWIS, Circuit Judge, and WOODROUGH, District Judge.

WOODROUGH, District Judge. The petition for the writ of habeas corpus discloses on its face that the petitioner was indicted, tried, convicted, and sentenced to serve five years' imprisonment for violation of the Harrison Narcotic Act, and that he is now serving the sentence in the penitentiary at Leavenworth. His petition discloses further that he was convicted on the second and third counts of the indictment against him; the second count charging, in the language of the statute, that the petitioner was a retail dealer who had not registered and paid the tax as provided by law, and that he had unlawfully sold 20 grains of morphine to one Leo Glover. The third count charged that he had purchased, sold, dispensed, and distributed 20 grains of morphine, which was neither in nor from the original stamped package.

The petitioner filed with his petition for the writ a certificate from the collector of internal revenue to the effect that the petitioner had registered as a physician and paid the narcotic drug tax required from physicians prior to the date of the acts charged against him, and indicating that he was, at the time of the offenses, a duly registered, tax-paid physician. The only grounds upon which he bases his right to the writ are that the counts in the indictment are vague and uncertain, and that he ought not to have been convicted upon the charges, because of the fact that he was such duly registered and tax-paid physician.

Each of the counts of the indictment were in the language of the statute, and it is well settled that their sufficiency cannot be reviewed in these habeas corpus proceedings. Knewel v. Egan, 268 U. S. 442, 45 S. Ct. 522, 69 L. Ed. 1036; Goto v. Lane, 265 U. S. 393, 44 S. Ct. 525, 68 L. Ed. 1070.

As to the fact that the petitioner was registered as a physician and had paid the tax as such for the period including the date of his offenses, it is in nowise available to him in these proceedings. It does not appear that the fact of itself would have constituted any defense to the indictment, but the contention is not open for consideration in these proceedings. As was said by this court in Cardigan v. Biddle, 10 F.(2d) 444:

"Where one seeks discharge from confine-

ment after conviction for an offense upon a petition for habeas corpus, the sole questions presented are whether petitioner was convicted by a court having jurisdiction of his person and the offense, and whether the sentence pronounced was one within the power of the court"—citing Tullidge v. Biddle (C. C. A.) 4 F.(2d) 897, Franklin v. Biddle (C. C. A.) 5 F.(2d) 19, and Knewel v. Egan, 268 U. S. 442, 45 S. Ct. 522, 69 L. Ed. 1036.

It appearing, therefore, from the petition itself, that the petitioner was tried upon an indictment which charged a crime, by a court which had jurisdiction of his person and the offense, and that a sentence was imposed which was within the power of the court under the statute, the trial court rightly sustained the motion to dismiss the petition for the writ, and its order dismissing the petition is affirmed.