PELLEGRINO v. ADERHOLD, Warden.

No. 191.

District Court, N. D. Georgia, Atlanta Division.

Dec. 29, 1931.

Frank A. Doughman, of Atlanta, Ga., for petitioner.

Hal Lindsay, Asst. U. S. Atty., of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

In an indictment of four counts, petitioner was charged in the first count with conspiring to counterfeit certain federal reserve bank notes; in the second, with counterfeiting the same; in the third, with possession of plates corresponding thereto; and, in the fourth, with unlawfully, knowingly, willfully, and feloniously, "and with intent to defraud," printing "parts of an obligation of the United States, that is to say; three impressions in the likeness of. parts of a twenty dollar Federal Reserve note of the Federal Reserve Bank of the City of New York, to-wit; three impressions of the reverse side of such Federal Reserve note, the said defendants then and there well knowing the said impressions to be falsely made, forged and counterfeited."

Upon motion of the United States attorney, the first three counts of the indictment were dismissed as to petitioner, and he thereupon pleaded guilty to the fourth count.

In the three counts which were dismissed, copies of the federal reserve notes, both their face and reverse sides, were set forth in hæc verba, but for some reason the notes referred

to in the fourth count were not so set forth, but were merely described in the words above quoted.

Petitioner contends that the judgment and sentence on the fourth count are void and his imprisonment thereunder unlawful because it does not set forth in hæc verba the impressions alleged to have been printed, or allege any reason why this was not done; because the description of the impressions is not set forth with such particularity that he might avail himself of conviction thereunder as to bar a further prosecution arising out of the same offense; and because the count does not allege that petitioner intended to defraud the United States.

■ The last ground of objection is not good, because such allegation is not necessary under the statute upon which the indictment is founded (United States v. Behrman, 258 U. S. 280, 42 S. Ct. 303, 66 L. Ed. 619), and I pass to a consideration of the other two grounds of objection.

■ With respect to the necessity of setting out in hæc verba a document which is the gist of an offense, the Circuit Court of Appeals for the Fifth Circuit have said, in the case of Irvin v. United States, 298 F. 297, 298, that, prior to enactment of R. S. § 1025 (18 USCA § 556), "at common law in England and the United States, in indictments for forgery and other crimes in which a writing is the very gist of the offense, the instrument involved must be set forth in hæc verba, or a potent reason alleged for not doing so." But the court strongly intimated, though they did not find it necessary to decide the point, that the failure to set out such instrument in hæc verba, when otherwise sufficiently described to identify the document, was such technical defect as would be disregarded under the provisions of Criminal Code, § 556 (R. S. § 1025), and in this view I concur.

In the case of Bartell v. United States, 227 U. S. 427, 433, 33 S. Ct. 383, 384, 57 L. Ed. 583, the Supreme Court says that "as to the objection that the charge was so indefinite that the accused could not plead the record and conviction in bar of another prosecution, it is sufficient to say that in such cases it is the right of the accused to resort to parol testimony to show the subject-matter of the former conviction, and such practice is not infrequently necessary," and in Dunbar v. United States, 156 U. S. 185, 15 S. Ct. 325, 327, 39 L. Ed. 390, that "the rule is that if the description brings the property in respect to which the offense is charged clearly within the scope of the statute creating the offense,

and at the same time so identifies it as to enable the defendant to fully prepare his defense, it is sufficient." If petitioner had desired a fuller description of the notes, he could have demanded a bill of particulars. Rosen v. United States, 161 U. S. 29, 16 S. Ct. 434, 480, 40 L. Ed. 606.

"But the true test is, not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Cochran & Sayre v. United States, 157 U. S. 286, 290, 15 S. Ct. 628, 630 (39 L. Ed. 704); United States v. Cruikshank, 92 U. S. 542, 568, 23 L. Ed. 588.

■ The foregoing were not habeas corpus proceedings, but reviews of judgments on appeal, where stricter rules apply than in habeas corpus. Even though an indictment might have been found defective upon demurrer or appeal, it is not necessarily so fatal, upon its face, as to be open to collateral attack after trial and conviction. Knewel v. Egan, 268 U. S. 442, 45 S. Ct. 522, 69 L. Ed. 1036; Brown v. White (C. C. A.) 24 F.(2d) 392.

■ It is the settled rule that habeas corpus calls in question only the jurisdiction of the court whose judgment is challenged, and that the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings, or such proceedings used to take the place of an appeal. Knewel v. Egan, 268 U. S. 442, 45 S. Ct. 522, 69 L. Ed. 1036.

■ The Supreme Court has further held that the discharge on habeas corpus of a prisoner held under a judgment or conviction is granted in the exercise of a sound judicial discretion, and is usually founded on situations where there is a peculiar and pressing need of it, or where the process or judgment under which the prisoner is held is wholly void. Goto v. Lane, 265 U. S. 393, 44 S. Ct. 525, 68 L. Ed. 1070.

The federal statute (28 USCA § 461) relating to habeas corpus writs does not lay down any specific rule, but directs that the court "dispose of the party as law and justice require." This means that "each application is to be disposed of in the exercise of a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the propriety of the discharge sought."

Salinger v. Loisel, 265 U. S. 224, 44 S. Ct. 519, 521, 68 L. Ed. 989.

In this case the defendant was sentenced upon a plea of guilty, and there was no demurrer or motion in arrest of judgment interposed nor appeal taken. It appears that the defendant did not experience any practical embarrassment on account of the alleged vagueness of the allegations of the indictment, but was sufficiently advised as to the charge against him to plead guilty thereto, and probably would have no difficulty, under the authorities above quoted, in availing himself of the judgment complained of as a bar to further prosecution arising out of the same offense.

I do not, therefore, think that petitioner's objections to the indictment in this proceeding are good nor that any substantial right of his has been prejudiced.

The writ has been dismissed by an order accompanying this opinion, and the petitioner remanded to the custody of the respondent.