**ADERHOLD, Warden, v. HUGART.**

No. 7035.

Circuit Court of Appeals, Fifth Circuit.

Oct. 24, 1933.

Clint W. Hager, U. S. Atty., and H. T. Nichols, Asst. U. S. Atty., both of Atlanta, Ga., for appellant.

John Hugart, of Atlanta, Ga., pro se.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

John Hugart was discharged on habeas corpus from a sentence based on the second count of an indictment which charged that he "did unlawfully conceal and aid and abet in the concealment of certain distilled spirits, to-wit, 240 pints, which had theretofore been removed from a certain distillery to the Grand Jurors unknown to a place other than the distillery warehouse provided by law, to-wit, etc.," and that at the time he "well knew the same to have been removed as aforesaid." This count failed to allege that the tax on the distilled spirits had not been paid, although the first count relating apparently to the same 240 pints and charging their unlawful removal from the distillery had proper allegations concerning the tax. An effort is made to relate the words "removed as aforesaid" to the allegations of removal in the first count and thus to introduce averments touching the tax. One count may by express reference adopt without repetition the allegations of another count; and a very general reference by the words "hereinbefore set forth and described" was held sufficient on demurrer in Nichols v. United States (C. C. A.) 48 F.(2d) 46, 47. But the reference here is not necessarily to the allegations of removal made in the first count for there were also precedent allegations of removal in the second count to which it may have application. The second count must be held to be self-contained; and on demurrer it must have fallen for failure to allege a necessary element of the crime sought to be charged. The cases to this effect in Woods v. United States (C. C. A.) 26 F.(2d) 63, and Dukes v. United States (C. C. A.) 275 F. 142, relied on to support this judgment of discharge, were decisions on direct appeal from conviction. They have no application to collateral at-

tack by writ of habeas corpus. In the latter, if there is such a class of crimes as the indictment apparently attempts to charge, and the court had jurisdiction over such crimes and over the person of the accused, the question of the sufficiency of the indictment to charge an offense cannot be raised or reviewed on habeas corpus. Knewel v. Egan, 268 U. S. 442, 446, 45 S. Ct. 522, 69 L. Ed. 1036. The trial court has power to determine, subject to orderly appeal, what the elements of the offense are and what the indictment should allege, and it ends inquiry about such things by deciding them. Ex parte Watkins, 3 Pet. 193, 7 L. Ed. 650; In re Coy, 127 U. S. 731, 8 S. Ct. 1263, 32 L. Ed. 274. Guilt or innocence, and the measure of punishment within the limits fixed by law, are the responsibility of the trial court and not of another judge on habeas corpus.

The judgment of discharge is reversed, and the case remanded for further proceedings not inconsistent with this opinion.