**LANDIS v. HILL, Warden.**

No. 14.

District Court, M. D. Pennsylvania.

Nov. 13, 1933.

Tracy M. Landis, in pro. per.

JOHNSON, District Judge.

The petitioner, and Harry C. Flohr, alias Herman Andrews, were jointly indicted, tried, and convicted in the United States District Court for the Southern District of New York and were sentenced on May 12, 1933, to imprisonment in the United States Northeastern Penitentiary at Lewisburg, Pa., for a term of one year and one day on count 1 and one year and one day on count 5, to run concurrently. Both defendants have filed petitions for writs of habeas corpus alleging that they are illegally restrained of their liberty because the indictment under which they were convicted does not charge an offense against the United States of America. A rule to show cause why a writ of habeas corpus should not issue was granted and a hearing had thereon at which the petitioners appeared in person.

Count 1 of the indictment reads as follows: "That heretofore, to wit, on or about the 13th day of February, 1933, at the Southern District of New York and within the jurisdiction of this Court, Harry C. Flohr alias Herman Andrews and Tracy M. Landis, alias Tracy Landers, alias John Williams, the defendants herein, unlawfully, wilfully and knowingly and with intent to defraud the United States, did utter, publish and pass a certain obligation of the United States, that is to say, a United States Postal Savings Certificate bearing the serial number E165439 issued by the General Post Office, New York, N. Y., on August 22, 1932, of the denomination of $20.00, drawn payable to one Eva Smith, and of the following tenor: (Photograph of certificate annexed) knowing said Postal Savings Certificate to contain a forged material endorsement, to wit, the forged endorsement of the depositor, Eva Smith aforesaid; against the peace of the United States and their dignity and contrary to the form of the statute of the United States in such case made and provided (Title 18, section 265, U. S. Code)."

Count 5 of the indictment reads as follows: "And the grand jurors aforesaid, upon their oath aforesaid, do further present that heretofore, to wit, on or about the 12th day of February, 1933, and continuously thereafter up to and including the date of the filing of this indictment at the Southern District of New York and within the jurisdiction of this Court, Harry C. Flohr alias Herman Andrews, and Tracy M. Landis, alias Tracy Landers, alias John Williams, the defendants herein, unlawfully, wilfully and knowingly did conspire, combine, confederate and agree together and with each other to commit an offense against the United States in the Southern District of New York, namely, to violate section 265 of title 18 of the United States Code [18 USCA § 265] that is to say, at the time and place aforesaid the defendants herein unlawfully, wilfully and knowingly conspired and agreed to pass, utter, publish and sell and to keep in their posses-

sion and conceal with like intent four certain obligations of the United States, to wit, four Postal Savings Certificates all issued by the General Post Office, New York, N. Y., all drawn payable to one Eva Smith and being of the tenor more particularly set forth in Counts First, Second, Third and Fourth hereof, knowing each of said Postal Savings Certificates to contain a forged material endorsement, to wit, the endorsement of the depositor Eva Smith aforesaid."

From the foregoing it appears that the indictment was drawn under the erroneous theory that the acts alleged constituted an offense under section 265, title 18, USCA. The same question presented here was decided by the Circuit Court of Appeals of the Eighth Circuit in the case of Webster v. United States, 59 F.(2d) 583, on page 586, and the court said:

"While the indictment before us cannot be sustained as charging an offense under section 265, title 18, USCA, we are convinced that the allegations of the indictment sufficiently charge an offense under section 73, title 18, USCA (section 29, Criminal Code) which, among other provisions, contains the following: 'Whoever shall * * * cause to be uttered or published as true, any such false, forged, altered or counterfeited deed, power of attorney, order, certificate, receipt, contract, or other writing, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited * * * shall be fined not more than $1,000 and imprisoned not more than ten years.'

"The indictment specifically charges that the accused did pass and utter a certain obligation of the United States with a certain falsely made and forged indorsement written thereon with intent to defraud the United States of America. We are satisfied that the broad language of the statute is designed to punish those who, with intent to defraud the United States, pass or utter any forged, false, altered, or counterfeited writing. The indictment specifically charges that the indorsement was such a writing; that accused well knew the same to be forged and falsely made; and that he did pass and utter the same with intent to defraud the United States of America. These allegations constitute a statement of an offense under the section quoted last above. The fact that the offense is not stated in the exact language of the statute is immaterial so long as the essential elements of the offense are charged."

The only questions which can be considered on a petition for a writ of habeas corpus are whether the petitioner was convicted by a court having jurisdiction of his person and the offense and whether the sentence pronounced was one within the power of the court. Cardigan v. Biddle, Warden (C. C. A.) 10 F.(2d) 444; Knewel v. Egan, 268 U. S. 442, 45 S. Ct. 522, 69 L. Ed. 1036.

The mere fact that the indictment, after charging an offense against the United States, recited a section of the Code which was not applicable to the offense charged, is not a ground for discharging the defendant on a writ of habeas corpus. At the most, this was only a technical defect in the indictment which will not be inquired into on a petition for a writ of habeas corpus. Knewel v. Egan, 268 U. S. 442, 45 S. Ct. 522, 69 L. Ed. 1036.

The indictment by its language did charge an offense against the United States, to wit, a violation of section 73 of title 18 of the United States Code Annotated, by alleging that the defendant unlawfully, willfully, and knowingly, and with intent to defraud the United States, did utter, publish, and pass a certain obligation of the United States knowing such obligation to contain a forged material indorsement. This was sufficient to give the trial court jurisdiction.

The petitioners rely upon the decision of the Circuit Court of Appeals of the Tenth Circuit in the case of Martin v. White, Warden, 47 F.(2d) 835. The court in that case held that a count in an indictment charging possession of a forged government obligation and forgery thereon of registered owner's indorsement with intent to defraud the registered owner did not state a federal offense because it charged an intent to defraud an individual and not the United States of America and directed the trial court to issue the writ of habeas corpus.

In the case at bar an offense against the United States of America is distinctly charged in the indictment and distinguishes this case from the case of Martin v. White.

The petition for a writ of habeas corpus accordingly must be dismissed.

And now, November 13, 1933, after hearing on the petition for a writ of habeas corpus, rule, and answer, it appearing from the petition itself that the petitioner is not entitled to a writ of habeas corpus, it is ordered that the petition be, and the same is hereby, dismissed, and the rule granted thereon discharged.