**WALTERS v. HILL, Warden.**
**No. 65.**

District Court, M. D. Pennsylvania.
March 4, 1935.

Charles W. Kalp, of Lewisburg, Pa., for petitioner.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

This case comes before the court on a writ of habeas corpus issued against Henry C. Hill, warden of the United States Northeastern Penitentiary, at Lewisburg, Pa., upon the petition of Albert Walters, an inmate of said penitentiary.

Petitioner was indicted, tried, convicted, and sentenced upon an indictment containing two counts. The first count charged that the defendant "did * * * with intent to defraud, falsely make, forge, counterfeit and alter a certain obligation of the United States, to wit a silver certificate of the denomination of One Dollar, which said forgery, counterfeiting and alteration consist-ed in attaching to and upon the face of said silver certificate the figures ten upon the corners thereof, which said figures were torn from genuine ten dollar money notes of the United States, which said figures were pasted on and over the figure one originally printed on such silver certificates so as to make the said one dollar silver certificate an imitation of a ten dollar silver certificate, * * *" and the second count charged that the defendant "did * * * utter and pass a falsely made, forged, counterfeited and altered certificate of the United States, which said silver certificate had theretofore been falsely altered, forged and counterfeited in this, that said silver certificate was of the denomination of one dollar, and the same had been raised to the denomination of ten dollars by pasting upon the face thereof over the figure one the figure ten which had been taken from a genuine ten dollar note or bill, the same being currency money of the United States of America. * * *" Indorsed on the indictment is the following sentence: "Vio. Secs. 262 and 265 Title 18 U. S. Code Annotated."

Section 262, 18 U. S. C. (18 USCA § 262) provides that: "Whoever, with intent to defraud, shall falsely make, forge, counterfeit, or alter any obligation or other security of the United States shall be fined not more than $5,000 and imprisoned not more than fifteen years."

Section 265, 18 U. S. C. (18 USCA § 265) provides that: "Whoever, with intent to defraud, shall pass, utter, publish, or sell, or attempt to pass, utter, publish, or sell * * * any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more than $5,000 and imprisoned not more than fifteen years."

After verdict of guilty, defendant was sentenced to "be imprisoned and confined at hard labor in the United States Penitentiary, at Atlanta, in the State of Georgia, for the period of fifteen (15) years. * * *"

The petitioner contends that the first count of the indictment does not charge an offense under section 262, supra, but charges an offense under section 276 of U. S. Code, title 18 (18 USCA § 276) which provides as follows: "Whoever shall so place or connect together different parts of two or more notes, bills, or other genuine instruments issued under the authority of the United States, or by any foreign government, or corporation, as to produce one instrument, with intent to defraud, shall be deemed

guilty of forgery in the same manner as if the parts so put together were falsely made or forged, and shall be fined not more than $1,000, or imprisoned not more than five years, or both." Petitioner thus contends that the instrument produced by connecting together two or more genuine instruments did not fall within the category of those falsely made, forged, counterfeited, or altered obligations enumerated in sections 262 and 265; that Congress recognized this fact by enacting section 276; that, since Congress failed to enact a law against uttering an obligation produced by connecting together parts of two or more genuine instruments, the second count of the indictment sets forth no violation and no sentence could be imposed thereunder; that since the maximum sentence that could be imposed under the first count is five years, which has been served by the petitioner, he is entitled to be released. The petitioner finally contends that the sentence is unlawful because it fails to state whether it was imposed under count one, count two, or both.

■ The respondent, in substance, contends that the indictment charged enough to show that it was within the jurisdiction of the trial court and its sufficiency cannot be collaterally attacked by habeas corpus, since a habeas corpus may not be used as a substitute for a writ of error or an appeal.

It is to be noted that count one and count two of the indictment seek to follow the language of 18 U. S. C., sections 262 and 265 (18 USCA §§ 262 and 265), respectively, and the fact is further evidenced by the indorsement on the indictment. The indictment charged enough to show the character of the crimes, and the trial court had jurisdiction over such crimes as the indictment attempts to charge. If that court erroneously held that the indictment was sufficient to charge the offense, it had jurisdiction to do so. Its decision cannot be re-examined on habeas corpus since the writ of habeas corpus cannot serve as an appeal. U. S. ex rel. Gallivan v. Hill, Warden (C. C. A. 3) 70 F.(2d) 840.

In Aderhold, Warden, v. Hugart (C. C. A.) 67 F.(2d) 247, the petitioner was discharged on a writ of habeas corpus because the second count of the indictment, which sought to charge an offense for concealing distilled spirits which had been removed from a distillery to a place other than a bonded warehouse without the tax being paid, failed to allege that the tax had been paid. On appeal, the circuit court said:

"The second count must be held to be self-contained; and on demurrer it must have fallen for failure to allege a necessary element of the crime sought to be charged. The cases to this effect in Woods v. United States (C. C. A.) 26 F.(2d) 63, and Dukes v. United States (C. C. A.) 275 F. 142, relied on to support this judgment of discharge, were decisions on direct appeal from conviction. They have no application to collateral attack by writ of habeas corpus. In the latter, if there is such a class of crimes as the indictment apparently attempts to charge, and the court had jurisdiction over such crimes and over the person of the accused, the question of the sufficiency of the indictment to charge an offense cannot be raised or reviewed on habeas corpus. Knewel v. Egan, 268 U. S. 442, 446, 45 S. Ct. 522, 69 L. Ed. 1036. The trial court has power to determine, subject to orderly appeal, what the elements of the offense are and what the indictment should allege, and it ends inquiry about such things by deciding them. Ex parte Watkins, 3 Pet. 193, 7 L. Ed. 650; In re Coy, 127 U. S. 731, 8 S. Ct. 1263, 32 L. Ed. 274. Guilt or innocence, and the measure of punishment within the limits fixed by law, are the responsibility of the trial court and not of another judge on habeas corpus."

■ Count one charges an offense covered and defined in title 18 U. S. C. § 276 (18 USCA § 276), for which the penalty is a sentence of not more than five years' imprisonment and a fine of not more than $1,000, or both. Count two charges the uttering or passing of a counterfeit or altered certificate of the United States for which the maximum penalty is a fine of $5,000, and imprisonment of fifteen years. It was therefore possible under the law to impose a maximum sentence of imprisonment of twenty years under both counts, and therefore the trial judge had the statutory authority to impose sentence on the petitioner of a maximum of twenty years.

Since it appears that the indictment charged enough to show the general character of crimes over which the trial court had jurisdiction, and that the gross sentence imposed on the two counts did not exceed the aggregate of punishment which could have been imposed, Jones v. Hill, Warden (D. C.) 3 F. Supp. 1021, the writ of habeas corpus must be dismissed.

And now, March 4, 1935, the petition for a writ of habeas corpus is dismissed, and the writ of habeas corpus is discharged.