### SAYLOR v. SANFORD, Warden.
### No. 8928.

Circuit Court of Appeals, Fifth Circuit.
Nov. 4, 1938.

---

Julian K. Saylor, in pro. per.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tisinger and J. Ellis Mundy, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order discharging a writ of habeas corpus and remanding appellant to the custody of appellee. There are six assignments of error, but, since the record contains no bill of exceptions or transcript of the proceedings, there are only two which may be considered on this appeal.

The record shows that petitioner, being without the assistance of counsel, was arraigned in the District Court for Eastern Tennessee and entered a plea of not guilty; that, thereafter, having obtained counsel, the plea of not guilty was withdrawn and a guilty plea entered, whereupon the maximum sentence allowed under the statute was imposed.

Appellant complains that the first arraignment was in violation of the Sixth Amendment, U.S.C.A.Amend. 6, in that he did not enjoy the right to have the assistance of counsel for his defense; and, further, that the maximum sentence should not have been imposed on a plea of guilty.

Appellant's contention that the court lost jurisdiction when it permitted him to be arraigned without the assistance of counsel is based upon the language used in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, to the effect that, if the requirement of the Sixth Amendment, U.S. C.A.Const. Amend. 6 (that, in all criminal prosecutions, the accused shall enjoy the right to have the assistance of counsel for his defense) is not complied with, the court no longer has jurisdiction to proceed. 304 U.S. 458, 468, 58 S.Ct. 1019, 1024, 82 L.Ed. 1461. Upon the authority of the case just cited, it is argued that the plea of not guilty upon the first arraignment was void because the court failed to provide counsel for the accused, whose liberty was at stake and who had not intelligently waived his constitutional right to have such assistance. We do not decide the point because, conceding it to be well taken, the appellant has not been injured. We agree with all that is said by Judge Sibley in his concurring opinion herein, except that we have no objection to conceding arguendo the point urged by appellant.

The language of the opinion in the above case is that "the court no longer has jurisdiction to proceed," [page 1024] and that the "judgment of conviction pronounced by a court without jurisdiction is void." There is nothing in the opinion to indicate that the indictment in this case should have been dismissed or that the organization of the court was invalidated or destroyed. The impanelling of the grand jury, the finding and return of the indictment, and other prior proceedings were not affected by the "failure to complete the court" at the first arraignment. The most that can be said, under the contention of appellant, is that the arraignment was void because the accused had been unable to obtain counsel, and had not intelligently waived the right to the same.

Therefore, conceding that the first arraignment was void, it does not follow that the court was without jurisdiction to proceed after appellant obtained counsel, withdrew his plea of not guilty, and entered a plea of guilty. An arraignment by the district attorney in the absence of the judge would undoubtedly be void, but, upon the judge's arrival, the court might proceed. Under the Sixth Amendment, U.S.C.A. Const. Amend. 6, as expounded in Johnson v. Zerbst, supra, there may be, as argued,

an analogous requirement as to counsel if his presence is not intelligently waived. In either instance, there is no reason why the court may not proceed when both judge and counsel are present, as was true upon the second arraignment in this case.

As to the second proposition, the sentence was within the limits allowed by statute; and its imposition was a matter within the discretion of the trial court. The propriety of this sentence is not reviewable upon a petition for the writ of habeas corpus. Knewel v. Egan, 268 U.S. 442, 45 S. Ct. 522, 69 L.Ed. 1036; Aderhold v. Hugart, 5 Cir., 67 F.2d 247.

The judgment of the district court is affirmed.

SIBLEY, Circuit Judge.

I concur in the judgment of affirmance. I am not willing to concede even for the sake of the argument that a court cannot arraign one not represented by counsel without an express waiver of counsel, or that it is not organized for the lawful trial of criminal cases unless it has somehow provided itself with lawyers to represent the accused persons. The Constitution in saying that "the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence" means that if he provides himself counsel the court shall allow the counsel to assist and represent the accused—a right not accorded the accused in felony cases by the common law. It has never been understood that the federal courts were bound by the Constitution to furnish accused persons with counsel. A lawyer at the request of the court will represent a person unable to employ counsel, but I doubt that he ought or that the court could compel him to represent one able to employ counsel but unwilling. There are proposals pending before Congress to provide for a public defender, and for paying lawyers to defend indigent persons in some cases. All these arrangements for the defense of poor persons are acts of mercy, perhaps justice, but they are not required by the constitutional provision and have never been supposed to be. The Johnson Case, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, held, and very reasonably, that where it was claimed that a convict had been denied the right to be represented by counsel it was a matter so grave as to justify a collateral enquiry by habeas corpus. The ordinary remedy by appeal to correct error is hardly a practical one to a prisoner who

is not allowed to have counsel. Despite the breadth of some of the language of the decision, the case ought not to be taken as establishing the doctrine that a court has no jurisdiction over an accused person who has no lawyer unless he expressly waives counsel or the court gets him one.