## UNITED STATES ex rel. PERRY v. HIATT.

### No. 113.

District Court, M. D. Pennsylvania.
July 22, 1940.

JOHNSON, District Judge.

A petition for writ of habeas corpus was filed by relator Perry with this court on July 16, 1940. His petition avers that he is illegally confined in the United States Penitentiary at Lewisburg, Pennsylvania, for three reasons: (1) he is not guilty of the crimes to which he pleaded guilty and was sentenced therefor; (2) he had a mistaken impression of the nature of the offenses charged and thereby was misled into making a false confession of guilt; (3) he was given no hearing before a United States Commissioner prior to indictment.

A writ of habeas corpus can not be employed as a substitute for a writ of error to redetermine petitioner's guilt. Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036; Collins v. Morgan, 8 Cir., 243 F. 495; Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849; Horner v. United States, 143 U.S. 570, 12 S.Ct. 522, 36 L.Ed. 266. The whole inquiry is limited to examination of fundamental and jurisdictional questions. Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036. Relator's first reason for requesting this writ does not attack the jurisdiction of the court which sentenced him, and therefore presents nothing within the scope of review in habeas corpus proceedings.

Relator's argument that because he had a mistaken idea of the nature of the offenses charged and was thereby misled into making a false confession, raises a question which this court can not consider in habeas corpus proceedings. Widener v. Harris, 4 Cir., 60 F.2d 956.

Relator's third argument that he was deprived of a constitutional right by not having a hearing before a United States Commissioner prior to indictment, affords no ground for relief by habeas corpus proceeding. It is well settled that in the federal court a defendant may be indicted without a preliminary hearing before a United States Commissioner and without notice to the defendant. United States v. Liebrich, D.C., M.D.Pa., Watson, J., 55 F.2d 341.

Because the petition states no ground for relief in habeas corpus proceedings, this court must deny the request for the writ. The matters complained of in relator's petition are such as can be considered only by the executive upon an appeal for clemency.

It is therefore ordered that the petition of Rogers J. Perry for writ of habeas corpus be, and the same is hereby, denied and dismissed.