## GOLDSMITH v. SANFORD, Warden.

### No. 10467.

Circuit Court of Appeals, Fifth Circuit.
Dec. 11, 1942.

Writ of Certiorari Denied Feb. 8, 1943.

See 63 S.Ct. 560, 87 L.Ed. ——.

H. Ely Goldsmith, in pro. per., for appellant.

Harvey H. Tysinger, Asst. U. S. Atty., of Atlanta, Ga., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

H. Ely Goldsmith is serving a seven year sentence in the penitentiary in Atlanta, imposed in 1939. Just before he would become eligible to parole he filed an application therefor and shortly thereafter a member of the Parole Board interviewed him on the subject in the penitentiary, the interview being stenographically reported. The member's docket shows the proceeding was "continued to Washington", along with several others, and there the full

Board considered the stenographic report, and other evidence in Goldsmith's absence, and denied' him parole. He asked a rehearing before the full Board, which was refused. Goldsmith then applied to the District Court of the District of Columbia for a mandamus against the Board to compel a hearing, asking to prosecute his suit in forma pauperis. Leave to prosecute in forma pauperis was denied on the ground there was no merit in the case. The Court of Appeals of the District of Columbia also denied relief. Goldsmith then obtained a writ of habeas corpus in the District Court in Atlanta on which a hearing was had. The above stated facts appeared, but were held to be no ground for a discharge; and a contention that the indictment on which the sentence was passed charged no crime was also held not thus examinable. Goldsmith was remanded to the penitentiary, and entered his appeal to this court.

■ The appellant requested this court to order his removal to New Orleans to appear in his own behalf, he having no counsel. We declined to grant the order. We know of no precedent for taking a prisoner from the penitentiary that he might be present to argue in person his appeal from an adverse judgment on habeas corpus. We find that Goldsmith has filed an intelligent and comprehensive brief, and the district attorney has appeared only by brief. The distance is great from Atlanta to New Orleans. If there be power to order the removal which was requested, discretion was well exercised in refusing it.

■ ■ Whether the indictment sufficiently charged offenses under a statute which is not claimed to be invalid, was a question for the court trying the issues under the indictment. The question was raised in Goldsmith's case, and decided adversely. The judgment was affirmed on appeal. United States v. Goldsmith, 2 Cir., 108 F.2d 917. It is res judicata. But if not, habeas corpus is not a remedy to test such a question. Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036; Aderhold v. Hugart, 5 Cir., 67 F.2d 247; Glenn Hill v. Sanford, Warden, 5 Cir., 131 F.2d 417.

■ Whether the Parole Board gave a lawful hearing to Goldsmith or should give him another we think is also a matter beyond the province of the habeas ·corpus court. The purpose of habeas corpus is to deliver from unlawful imprisonment. Goldsmith is lawfully sentenced to imprisonment for seven years. Parole is a grace which may shorten it, but it is wholly in the discretion of the Parole Board. If the Board has a positive duty to grant a hearing before the full Board mandamus or its equivalent against the Board members in the District of Columbia may be an available remedy, but the writ of habeas corpus against the warden for the release of the prisoner is not. McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24, 79 L. Ed. 238; Goldsmith v. Aderhold, Warden, 5 Cir., 44 F.2d 166.

Judgment affirmed.