## UNITED STATES ex rel. PATTERSON v. BRADY, Warden.

### Civ. No. 2343.

District Court, D. Maryland.

Sept. 29, 1944.

Bernard J. Flynn, U. S. Atty., and Thos. J. Kenney, Asst. U. S. Atty., both of Baltimore, Md., for the Government.

James L. Laughlin, of Washington, D. C., for petitioner.

CHESNUT, District Judge.

This is another habeas corpus case which is a companion case to that of Sanders v. Brady, Warden, D.C., 57 F.Supp. 87, in which an opinion has this day been filed. The relator, Burkett Patterson, was also brought here under a writ of habeas corpus ad testificandum as a witness in the case pending before Judge Paul. Patterson's case differs from Sanders' case in that Patterson was not tried and convicted in this court but was serving a five-year sentence at the Atlanta Penitentiary consequent upon a conviction in the District Court for the Northern District of Alabama on July 25, 1939. Patterson's chief ground for requested release from confine-

ment under this sentence is that, while serving the sentence he was released on parole on March 17, 1943, but on September 3, 1943, was again arrested and confined for an alleged violation of his parole, and he alleges that the Parole Board subsequently formally revoked his parole without giving him a fair hearing.

His present petition for habeas corpus in this court must be discharged on procedural grounds. As pointed out in the Sanders case, the respondents are holding Patterson not under his original sentence but only under the particular writ of habeas corpus ad testificandum issued by Judge Paul. And on the present writ I do not have authority to inquire into the question whether his parole was properly revoked. The Parole Board is not a party to this case and this court has no jurisdiction over the members of the Board. Goldsmith v. Sanford, Warden, 5 Cir., 132 F.2d 126; McNally v. Hill, Warden, 293 U.S. 131, 140, 55 S.Ct. 24, 79 L.Ed. 238. Furthermore it appears from Patterson's testimony at the hearing that he now has pending a habeas corpus petition in the Fifth Circuit which he stated is now on appeal from the District Court of Georgia to the Fifth Circuit Court of Appeals.