## CONKLIN v. COZART.

Civ. No. 1920.

District Court, N. D. Texas,
Dallas Division.

Dec. 28, 1945.

William Conklin, in pro. per.

Robt. B. Young, Jr., U. S. Atty., and Clyde G. Hood, Asst. U. S. Atty., both of Dallas, Tex., for respondent.

ATWELL, District Judge.

The petitioner was convicted on March 13, 1942 in the southern district of New York. The charge was an alleged violation of Sections 73 and 317, Title 18, U.S.C.A.

The copy of the sentence, which he makes a part of his application, is so brief and incomplete as to raise a doubt of its validity. It gives the style and number of the case, mentions the foregoing two sections, and then states, "stealing from the mails and unlawful forging endorsement on government check." It then provides that, "On motion of the United States Attorney, ordered sentenced."

"It is therefore ordered and adjudged that the above-named defendant be committed to the custody of the Attorney General of the United States, or his authorized representative, for imprisonment in a . . . for and during the term and period of five years on each count of counts 1 to 9, inclusive. Ten years on Count 10. Prison sentence on Counts 1 to 10, inclusive, to run concurrently with each other. Fined $1.00 on Count 10. Fine remitted.

"Grover M. Moscowitz,
"United States District Judge."

The commitment provides that,

"Whereas, the foregoing judgment and sentence was pronounced against the defendant named therein.

"And whereas, the Attorney General of the United States has designated the above-named institution (United States Pen. at Atlanta, Ga.) as the place of confinement where the said sentence shall be served. Now this is to command you, the said marshal, to take and safely transport to said institution and there deliver to the officer in charge thereof, the aforesaid defendant * * *."

The first nine counts of the indictment upon which the alleged proceedings occurred were based on Sec. 317, Title 18, U.S.C.A., and the tenth count upon Sec. 73 of the same Title.

He was committed to the said penitentiary where he remained until March 23, 1943 when he was transferred to the United States Medical Center in Greene County, Missouri, and on July 3, 1945 was committed to the institution in which he is now held at Seagoville, Texas.

He claims that the court was without jurisdiction to impose the ten-year sentence upon Count 10.

He does not question the five-year sentences, running concurrently, upon each of the first nine counts. Assuming that the judgment and commitment are sufficient, and assuming that he has not deprived himself of the benefit of good time, the five years have not yet expired.

Sec. 317 in the requisite preliminary statement of its coverage deals with "stealing, secreting, or embezzling mail matter." The maximum punishment is $2,000 fine, or imprisonment not more than five years, or both.

His attack upon the ten-year sentence under the tenth count he attempts to support by the citation of certain cases which dubiously fulfill that requirement. Section 73 is Criminal Code Sec. 29, and is the Act of March 4, 1909, and deals with, "making, forging, counterfeiting, or altering deeds or powers of attorney; transmitting such papers." The punishment is a fine of not more than $1,000 and imprisonment not more than ten years, and is an Act of the same date as Sec. 317.

■ Therefore, the offenses are entirely different and, apparently, have no relation. The use of the words in Sec. 73, though they are not in the salutation, "or other writing," have been construed in a few decisions to include the forging of the payee's name upon a genuine United States check. Some other decisions do not agree.

The court finds no allegation in the indictment which would cover the offense covered by Sec. 73, with reference to all of the illegal acts preceding the phrase, "or other writing," viz., "with intent to defraud the United States."

Many cases hold that that allegation is necessary in order to support a valid indictment under Sec. 73.

Some of the cases bearing upon these points are United States v. Winters, D.C., 5 F.2d 321. This case seems to negative the thought that Sec. 73 is sufficiently photographed in the prefatory clause and that the phrase "other writing" would come within the statutory diagram, but the question was not raised in that case as to the necessity for the allegation of "intent to defraud." Buckner v. Hudspeth, 10 Cir., 105 F.2d 393; Prussian v. United States, 2 Cir., 42 F.2d 854; Buckner v. Aderhold, 5 Cir., 73 F.2d 255; Landis v. Hill, D.C. 4 F.Supp. 945; Prussian v. United States, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610; Ex Parte Demaurez, 9 Cir., 106 F.2d 457;

United States v. Sloat, D.C. 56 F.2d 434; Mosheik v. United States, 290 U.S. 654, 54 S.Ct. 70, 78 L.Ed. 567; Conley v. Cox, 8 Cir., 138 F.2d 786.

May such an insufficiency of an indictment be reviewed in habeas corpus proceedings after verdict and judgment, where the court had jurisdiction of the offense and the person of the accused?

■ Wilson v. Aderhold, 5 Cir., 84 F. 2d 806. The words in that decision, "reasonable certainty," which apply to the indictment must not be overlooked. The crime for which a sentence is punished in this country is such as is described in the written statute. The words of the statute say what the law-making power makes punishable. The purpose of the constitutional provision, Amend. 5, with reference to indictment is to give the citizen the opportunity to have the benefit of this very important element in the charge, conviction and punishment. So the question remains, can there be a conviction upon an indictment insufficient under the statute in a court which had jurisdiction of the person and the offense which may not be relieved by an habeas corpus review?

■ The citizen complains that he is illegally restrained of his liberty. If he is illegally restrained, he is entitled to have that restraint removed. He is entitled to go free. That is what the writ of habeas corpus is for. Can he lose his rights by docility, or inaction, or ignorance at the time of conviction? If an appellate court would have set aside the conviction upon a proper application for a want of a charge which covered the offense, ought not the citizen have the benefit of the law which has later been made known to him?

■ That which is illegal is not ordinarily made legal by not knowing of the illegality. Laches is an equitable doctrine that applies to civil affairs, but it is not thought that the failure to proceed in a matter so vital in a criminal case would require its approval.

■ Offsetting these observations is the well-settled doctrine that the office of the writ of habeas corpus is confined to inquiry as to the cause of confinement, but not inquiry into the validity of an indictment, nor can the writ be made to perform the office of a writ of error. Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849; Ex parte Jim Hong, 9 Cir., 211 F. 73; Riddle v. Dyche, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009; United States v. Valante, 264 U.S. 563, 44 S.Ct. 411, 68 L.Ed. 850; Blair v. White, 8 Cir., 24 F.2d 323; Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036.

■ The record disclosing both jurisdiction of offense and person, as well as the validity of the sentences under the first nine counts, and at most, a possible indictment defect as to the tenth count, the defendant must be remanded to the custody of the warden of the institution in which he is confined.

■ As to the possible identity of one of the nine counts with the charge in the tenth count, no suggestion nor testimony has been offered, and neither jeopardy nor duplicity is determined. Nor is the question of counsel considered since it has not been raised.